## WOHL v. SLOSS.   (6 Div. 792.)

(Supreme Court of Alabama.   Nov. 18, 1926.)

**I. Mortgages** ⬅️32(5)—Instrument showing straight sale in satisfaction of indebtedness held an unconditional deed, notwithstanding recital regarding securing grantee against loss.

Where conveyance from husband to wife contained recital as to indebtedness to wife and expressed desire to secure her against loss, but entire instrument showed straight sale in satisfaction of indebtedness and not as security, it was an unconditional deed and not a mortgage.

**2. Mortgages** ⬅️32(5)—Where there is no debt, there is no mortgage.

Where debt of husband to wife was satisfied by conveyance of property to wife, a recital in conveyance, expressing desire to secure wife against loss, did not make it a mortgage, since debt was extinguished.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by A. Page Sloss against Eva B. Wohl. From the decree, defendant appeals. Affirmed.

The bill avers in pertinent substance that complainant and defendant entered into a contract by which defendant agreed to purchase and complainant agreed to sell certain property at and for a stipulated price; that complainant furnished defendant an abstract of title; and that defendant refused to purchase, claiming that the title was not merchantable for the reason that there was a defect in the title of Mrs. Aubentine Burnett, complainant's grantor. The prayer of the bill is for a decree of specific performance of the contract.

Defendant demurred to the bill. The trial court overruled the demurrer, and defendant has appealed.

Leader & Ullman, of Birmingham, for appellant.

The rule that, if two clauses of a deed are inconsistent, the last shall yield to the first, should not be resorted to until all efforts to reconcile the conflicting parts have failed. Deramus v. Deramus, 204 Ala. 144, 85 So. 397; Petty v. Boothe, 19 Ala. 633; 2 Devlin on Deeds (3d Ed.) § 836; Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Webb v. Webb, 29 Ala. 588; Wallace v. Hodges, 160 Ala. 276, 49 So. 312. Appellant was justified in refusing to perform a contract whereby she agreed to purchase a good and merchantable title.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. Hugh McCary, of Birmingham, for appellee.

In order to establish the fact that a conveyance absolute in form is in fact a mortgage, there must be a continuing binding debt. Knaus v. Dreher, 84 Ala. 319, 4 So. 287; Perdue v. Bell, 83 Ala. 396, 3 So. 698; Douglass v. Moody, 80 Ala. 61; Logwood v. Hussey, 60 Ala. 417.

ANDERSON, C. J. [1, 2] As we understand the pivotal question in this case involved the title of Mrs. Burnett to the lot in question, that is, whether she acquired the title through her father, John B. Webb, or mother, Sarah Webb, and this depends on whether or not said John B. Webb or his wife, Sarah, was the owner and had the legal title to said land. It is undisputed that said John B. Webb owned the lot; that it was sold under an execution against him; and that the purchaser subsequently conveyed the property to Mrs. Webb. Independent, however, of the source of title through the execution sale and pretermitting the regularity vel non of same, John B. Webb conveyed the property to his wife on January 31, 1876, and it is conceded that Mrs. Burnett's title is good if the said conveyance from her father to her mother was an unconditional deed and not a mortgage. While the conveyance contains a recital as to an indebtedness from John B. Webb to his wife and expresses a desire to secure her against loss and to indemnify her, the entire instrument shows a straight out sale of the property in satisfaction of, and not as a security for, said indebtedness. Not only does the habendum show an absolute and unconditional sale of the lot, but the grantee Mrs. Webb joined in the conveyance and thereby accepted the property in full satisfaction of the debt and not as a security. Where there is no debt, there is no mortgage.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.