Estate of Greiner: Fransee and others, Appellants, vs. Gohdes, Administratrix, and others, Respondents.

*February 9—March 6, 1928.*

*Army and navy: War risk insurance: Dispute between contending beneficiaries: Forum: Jurisdiction of state court.*

Upon the death, intestate, of a former soldier in the World War, a war risk insurance policy became payable in instalments to his father. Upon the father's death the balance of the insurance was paid to the estate of the deceased soldier, and the county court assigned it to the estate of the father, and from such order of assignment the brothers and sisters of the soldier appeal. *Held,* that a dispute between contending beneficiaries, or claimed beneficiaries, and the federal government must be determined in the manner provided by the United States Code; and the United States Veterans Bureau having decided that the proceeds of the policy should be paid to the estate of the deceased soldier, the county court cannot re-examine the question as to who was entitled to the insurance, but must distribute it in accordance with the state law.

Appeal from an order of the county court of Marathon county: George J. Leicht, Judge. *Affirmed.*

From an order of the county court of Marathon county distributing the proceeds of a policy of war risk insurance, paid by the federal government to the estate of Anton Greiner, Jr., to the estate of his father, Anton Greiner, Sr., the brothers and sisters of Anton Greiner, Jr., appeal.

It appears that Anton Greiner, Jr., a former soldier in the World War, died intestate on the 18th day of October, 1918. At the time of his death there was in force a War-Risk Yearly Renewable Term Insurance upon his life in the sum of $10,000 issued by the federal government. Upon his death the insurance became payable to his father, Anton Greiner, Sr., in 240 monthly instalments, and as they fell due they were paid each month by the United States Veterans Bureau to said Anton Greiner, Sr., until his death on Feb-

ruary 15, 1925.    After the death of said Anton Greiner,
Sr., the full amount of the unpaid insurance, amounting to
$7,534, was paid to the estate of the deceased soldier, Anton
Greiner, Jr.    By its order the county court assigned such
insurance to the estate of Anton Greiner, Sr.    From that
order the brothers and sisters of Anton Greiner, Jr., bring
this appeal.

For the appellants the cause was submitted on the brief
of *Joseph Schoendorf* of Milwaukee.

*John P. Ford* of Wausau, for the respondent administra-
trix.

OWEN, J.    It is contended by the appellants that upon
the death of Anton Greiner, Sr., the unpaid portion of the
insurance moneys became payable to them under the pro-
visions of the World War Veterans Act, 1924, more espe-
cially sec. 303, as amended, ch. 553, sec. 14, 43 U. S. Stats.
at Large, p. 1310.    The question as to one who was entitled
to the proceeds of this insurance policy upon the death of
Anton Greiner, Sr., was not before the county court, al-
though it seems to have been so assumed in *Estate of Fink*,
191 Wis. 349, 210 N. W. 834, and *Estate of Singer*, 192
Wis. 524, 213 N. W. 479.    It will be apparent, upon reflec-
tion, that a dispute between contending beneficiaries or
claimed beneficiaries and the federal government under such
a policy belongs to another forum.    The question must be
decided in the first instance by the United States Veterans
Bureau.    If any who claim the right to the proceeds of the
policy be dissatisfied with the ruling of that department, they
may commence an action against the United States govern-
ment in the district in which such persons or any of them
reside for the purpose of establishing their right to the fund.
Sec. 445, p. 1218, Code of Laws of U. S. in force Decem-
ber 7, 1925; *Crouch v. U. S.* 266 U. S. 180, 45 Sup. Ct. 71.
The United States Veterans Bureau decided that the pro-

ceeds of the insurance policy in question should be paid to the estate of the deceased soldier, and it was accordingly so paid. It was the duty of the county court to distribute it in accordance with the laws of this state. That court could not re-examine the question as to who was entitled to the insurance under the provisions of the federal law. There being no contention that the county court did not distribute the estate of Anton Greiner, Jr., in accordance with the laws of this state, the order must be affirmed.

*By the Court.*—So ordered.