## IN RE ESTATE OF JACOB E. HALLBOM.
### EDWARD A. PAGEL, APPELLANT.[1]

February 21, 1930.

No. 27,721.

*Charles A. Swenson,* for appellant.
*L. J. Van Fossen* and *Orin M. Oulman,* for respondent.

[1]Reported in 229 N. W. 344.

WILSON, C. J. .

Jacob E. Hallbom was a soldier in our army in the World war. While in foreign service he took out a policy of war risk life insurance in the sum of $10,000, naming his father, Peter J. Hallbom, as beneficiary. The insured died October 20, 1925. The father and his wife, Selma Hallbom, the mother, survived. The insurance was awarded to the father payable in 240 monthly payments, and the war veterans bureau continually made these payments until the father's death on February 22, 1928. The father was survived by his said wife and several children, who were brothers and sisters of the insured. Edward Pagel was then appointed administrator of the soldier's estate, and as such he was paid $9,116, the commuted amount of the policy.

The insured left creditors whose claims were allowed against his estate in the sum of $3,791.38. The assets of the estate, excluding the $9,116, were insufficient to pay the expense of administration and the creditors. The administrator, realizing that interested parties were opposed to the insurance money being used for such purposes, filed for approval a final account, in which he proposed to so use such money. The probate court approved the account. Selma Hallbom appealed to district court, and that court held that (1) the administrator was only a trustee of the funds; (2) the money was not subject to the claims of creditors; (3) that probate court should ascertain to whom the money was to be paid; and (4) that the order of the probate court allowing the final account was reversed. Judgment was entered. The administrator has appealed from such judgment.

The act of October 6, 1917, provides for insurance "in order to give to every commissioned officer and enlisted man * * * greater protection for themselves and their dependents." 40 Stat. 409, c. 105, § 400. This purpose is reaffirmed in the act of June 7, 1924, 43 Stat. 624, c. 320, § 300; 38 USCA, 245, § 511. It was restated in the act of March 4, 1925, 43 Stat. 1308, c. 553, § 12.

The act of June 7, 1924, provides that the insurance shall not be subject to the claims of creditors of any persons to whom an award

is made; and shall be exempt from taxation. 43 Stat. 613, c. 320, § 22; 38 USCA, 217, § 454.

The policy issued in this case contained an indorsement, "Important Notice," under which it was stated:

"This insurance * * * is not subject to the claims of the creditors of the insured or of the beneficiaries."

The statute authorizes the department to make rules and regulations to carry out the purposes of the law. This has been done. They provided that:

"If no beneficiary within the permitted class be designated by the insured * * * or if any above designated beneficiary * * * does not survive the insured, the insurance (or if any above designated beneficiary shall survive the insured, but shall not receive all the installments, then the remaining installments) shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the insured's place of residence be entitled to his personal property in case of intestacy." Bulletin 1, p. 4, issued October 15, 1917.

The application for insurance, which is made a part of his contract of insurance, provides:

"In case any beneficiary die or become disqualified after becoming entitled to an installment but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may be designated in my last will and testament, or in the absence of such will, as would under the laws of my place of residence, be entitled to my personal property in case of intestacy."

The insurance is payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them. 38 USCA, 245, § 511.

"If no person within the permitted class be designated as beneficiary * * * by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not sur-

vive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, * * *.

"When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of insurance so awarded to such person." 38 USCA, 252, § 514.

The foregoing provision is by the statute made effective as of October 6, 1917.

We thus come to the point where the money became payable to "the estate of the insured." That has been done. The administrator has received the money. Is it an asset of the estate for use as such or is it property belonging to certain beneficiaries and merely held by the administrator in trust?

■ The rules and regulations prescribed by a department of government in pursuance of statutory authority have the force of law. Cassarello v. U. S. (D. C.) 271 F. 486.

■ If the insurance in such a case as this is to become a part of the estate and as such go to the heirs at law it will frequently go to persons outside "the permitted class." It would also be liable for the payment of debts though the act specifically provides otherwise. This insurance was never provided for the benefit of creditors. It was expressly designed for the service man and his next of kin dependents. Having in mind the repeatedly expressed and obvious purpose of the act, we are of the opinion that reason and principle require us to hold, as we do, that the payment of the funds to the estate of the insured is merely a matter of procedure, and the representative of the estate is to distribute it only to persons included "within the permitted class." The persons who would receive the money receive it as beneficiaries under the policy and not as heirs at law. Cassarello v. U. S. (D. C.) 271 F. 486; In re Cross' Estate, 152 Wash. 459, 278 P. 414; Wilson v. Sawyer, 177

Ark. 492, 6 S. W. (2d) 825; Perrydore v. Hester, 215 Ala. 268, 110 So. 403, 405; Tax Comm. of Ohio v. Rife, 119 Ohio St. 83, 162 N. E. 390; Wanzel's Estate, 295 Pa. 419, 145 A. 512; Watkins v. Hall, 107 W. Va. 202, 147 S. E. 876; Payne v. Jordan, 152 Ga. 367, 110 S. E. 4; Id. 36 Ga. App. 787, 138 S. E. 262; Sutton's Ex'r v. Barr's Adm'r, 219 Ky. 543, 293 S. W. 1075. There are cases to the contrary. Whaley v. Jones, 152 S. C. 328, 149 S. E. 841, and cases therein cited; Hugus v. U. S. (D. C.) 24 F. (2d) 247; Estate of Greiner, 195 Wis. 332, 218 N. W. 437; Condon v. Mallan, 58 App. D. C. 371, 30 F. (2d) 995; Branch B. & T. Co. v. Brinkley, 196 N. C. 40, 144 S. E. 530; National Union Bank v. McNeal, 148 S. C. 30, 145 S. E. 549. In the Hester case [215 Ala. 270]:

"An analogy is presented under our law in case of damages awarded to an administrator in actions for death by wrongful act. He is a mere trustee or conduit to receive and pass on the funds to those entitled free from the debts of the decedent."

It is also analogous to our statutory provision that all moneys payable to a wife or child from insurance upon the life of a deceased husband or father, not exceeding $10,000, are exempt. G. S. 1923 (2 Mason, 1927) § 9447(14). Doubtless the government can handle the matter more expeditiously by paying the money to the representative of the estate who will distribute it under the supervision of the local courts rather than to undertake the determination of the existing and particular beneficiaries "within the permitted class." Such insurance contains a contractual relation, and the terms of the agreement dictate the same conclusion. Matter of Sabin, 131 Misc. 451, 227 N. Y. S. 120.

Such insurance in a measure was adopted as a substitute for unsatisfactory pension legislation for the benefit of those named. It was furnished at less than cost to a particular class. In the instant case the service man's father, who received payments for a few months, did not inherit the insurance. He received those payments by virtue of his seniority and the absence of others in "the permitted class." Upon his death his name automatically dropped from the roll of "the permitted class," and the next name thereon

is the mother. Such insurance money is to be distributed to those living at the time of the distribution who come within "the permitted class" in the order of their priority under the laws of the descent of personal property in this state.

■ The question of determining the descent of this money under the state law is not the primary question to be decided. It is necessary in such a case to determine what person or persons within "the permitted class" would be entitled to the insured's personal property in case of intestacy. There is no more reason for directing the probate court to determine that question than for the district court to call upon the probate court to determine who the heirs are that are to receive the money in cases of death by wrongful act. This may be done by the district court. Indeed, in this case the stipulation showed that Selma Hallbom was the only person who under our view of the law is to receive the money.

To the extent that the judgment determines that this money goes to the beneficiary and not to the heirs at law and that it is not subject to the claim of creditors it is affirmed. The cause is remanded with directions to the trial court to modify the order for judgment and the judgment in accordance with the views herein expressed, thereby eliminating the necessity for the probate court to make any further determination.

Affirmed with directions.