## THOMAS LEONARD THOMPSON v. LINDEN CONSTRUCTION COMPANY AND ANOTHER.[1]

November 21, 1930.

No. 28,105.

*G. V. Barron,* for relator.

*Abbott, MacPherran, Dancer, Gilbert & Doan* and *John M. Prins,* for respondent construction company and Maryland Casualty Company, its insurer.

DIBELL, J.

Certiorari on the relation of the employe against his employer and its insurer to recover compensation under the compensation act, G. S. 1923 (1 Mason, 1927) § 4261, et seq.

The relator was in the employ of the defendant drilling rock in a sewer between Proctor and Duluth. In the course of his work the material from the drill hit his left eye causing him an injury. He was disabled for a period of two or three weeks and received compensation. His present claim is for additional compensation

[1]Reported in 233 N. W. 300.

upon the theory that he sustained a permanent injury or at least an injury greater than that for which he was allowed compensation.

■ There is no claim but that the relator received an injury to his left eye. There is no question but that it was disabling for a short while. His claim is that his left eye was made stigmatic by the injury. The defendant claims that a stigmatic condition existed before. The expert witnesses for both sides are fair. The testimony justifies a finding that the injury of vision of the left eye, which is the only incapacitating condition, existed prior to the accident and was not caused by it. The commission did not commit error in so finding.

■ The workman had been examined for the world war. Under war regulations the results of the examination are not disclosed except the party examined consents. He is privileged to refuse. Selective Service Regulations (2 ed.) p. 9, § 11. The regulations have the force of law. And see Cassarello v. U. S. (D. C.) 271 F. 486; In re Hallbom, 179 Minn. 402, 229 N. W. 344. The referee sought to have him consent. He refused; and it may be conceded that the referee took an unfavorable view of his claim and in making his decision was prejudiced against him because of his refusal. See Berg v. Penttila, 173 Minn. 512, 217 N. W. 935.

There was a trial de novo by the commission. It did not adopt the view taken by the referee upon the refusal of the relator to disclose. Its finding is not a wrong one, and it is not affected by that of the referee.

Order affirmed.