## PAGEL, ADMINISTRATOR, *v.* MacLEAN, ADMINISTRATOR.

No. 176.   Argued March 5, 1931.—Decided April 13, 1931.

*Mr. Charles A. Swenson,* with whom *Mr. Henry T. Ronning* was on the brief, for petitioner.

*Messrs. Fred W. Putnam* and *Orin M. Oulman* submitted for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted, 282 U. S. 819, to review a judgment of the Supreme Court of Minnesota, 179 Minn. 402; 229 N. W. 344, awarding to respondent's

intestate the proceeds of war risk insurance issued to petitioner's intestate. The insured designated, as beneficiary, his father, who survived him, but who has since died. The insured was also survived by his mother, respondent's intestate, and by brothers and sisters.

The installments of insurance, as they fell due, were paid to the father until his death, when the value of the remaining installments was paid to petitioner, in accordance with § 303 of the World War Veterans' Act of June 7, 1924, 43 Stat. 625, as amended by the Act of March 4, 1925, 43 Stat. 1310, which provides:

" If no person within the permitted class be designated as beneficiary . . . by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all . . . installments . . . there shall be paid to the estate of the insured the present value of the . . . installments thereafter payable. . . ."

Section 300 declares that it is the policy of the Act to afford to commissioned officers and enlisted men " protection for themselves and their dependents," and provides that " the insurance shall be payable only to a spouse, child, grandchild, parent, brother [or] sister . . ." Section 22 states that the " insurance . . . payable . . . shall not be subject to the claims of creditors of any person to whom an award is made . . ." The insurance certificate, in accordance with § 402 of the Act of October 6, 1917, 40 Stat. 409, under which it was issued, stipulated that, in the contingency which has arisen, the insurance should be paid to such members of the permitted class as would be entitled to the personal property of insured under the intestacy laws of the State of his residence, and that it should not be " subject to the claims of the creditors of the insured or of the beneficiaries."

The question presented on this record and decided by the state court was whether, under the provisions of the

Act and of the certificate of insurance, the administrator of the insured received the insurance as an asset of the estate subject to payment of debts and administration expenses, or as trustee for the benefit of such of the surviving members of " the permitted class " of beneficiaries as would be entitled to decedent's personal property under the laws of Minnesota, where he resided. The court held that despite the difference in language between § 303 and its earlier forms, § 402, Act of October 6, 1917, *supra;* § 15, Act of December 24, 1919, 41 Stat. 376, the members of the permitted class were to be preferred over creditors of the insured, and directed judgment for payment of the insurance to the mother, as the only person in the permitted class entitled to take the personal property of insured under the intestacy laws of the State.

Pending the application for certiorari, the mother died, and the suit was revived, after certiorari was granted, by substitution of her administrator as respondent. By reason of her decease, the question whether the mother alone of the permitted class is entitled to receive the proceeds of the insurance, in preference to the creditors of the insured, presented by the record and decided by the state court, has now become subsidiary to other questions, the determination of which is necessary to the disposition of the present suit and may render unnecessary any adjudication of the rights of the mother. Assuming, as the state court held, that the mother was entitled to the insurance in her lifetime, it does not follow that respondent, by virtue of his office as administrator, or claiming in the mother's right, is entitled to payment of the insurance under the judgment in her favor. That depends on the interpretation of § 300, directing that the insurance " shall be payable only " to members of the permitted class, and on the question whether, under the provisions of the Act and of the certificate, the insurance should now go to the estate of the mother, to the creditors of the insured, or

to the surviving brothers and sisters, if any, none of whom is a party to this suit. That question was not decided by the state court, for the review of whose judgment certiorari was granted, and is not one which can be disposed of on this record.

While, in such a situation, the writ may be dismissed, see *Kimball* v. *Kimball*, 174 U. S. 158, the present is not a proper case for such disposition, which might leave the judgment to be enforced by the respondent administrator without determination of his rights. In order that the state court may be free to deal adequately with the questions which must be determined in order to make appropriate distribution of the fund involved, the judgment will be vacated and the cause remanded for further proceedings not inconsistent with this opinion. *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Commission*, 273 U. S. 126, 131; *Gulf, C. & S. F. Ry. Co.* v. *Dennis*, 224 U. S. 503, 509.

*Reversed.*