IN RE ESTATE OF JACOB E. HALLBOM.
EDWARD A. PAGEL v. JOHN G. MacLEAN.[1]

May 29, 1931.

No. 27,721.

*Charles A. Swenson,* for appellant.
*L. J. Van Fossen* and *Orin M. Oulman,* for respondent.

SUPPLEMENTAL OPINION.

WILSON, C. J.

Since our opinion was filed in this case on February 21, 1930, and reported in 179 Minn. 402, 229 N. W. 344, the case has been taken to the United States Supreme Court on writ of certiorari. While pending there Selma Hallbom, the soldier's mother, the respondent

[1]Reported in 237 N. W. 21.

in this court, died, and John G. MacLean, having been appointed administrator of her estate, was substituted as respondent.

On April 13, 1931, 'the United States Supreme Court filed its opinion, Pagel v. MacLean, 283 U. S. 266, 51 S. Ct. 416, 417, 75 L. ed. 531, vacating the opinion and judgment of this court and remanded the cause for further proceedings not inconsistent with the suggestion therein made; and among other things the court said [283 U. S. 268]:

"By reason of her decease, the question whether the mother alone of the permitted class is entitled to receive the proceeds of the insurance, in preference to the creditors of the insured, presented by the record and decided by the state court, has now become subsidiary to other questions, the determination of which is necessary to the disposition of the present suit and may render unnecessary any adjudication of the rights of the mother. Assuming, as the state court held, that the mother was entitled to the insurance in her lifetime, it does not follow that respondent, by virtue of his office as administrator, or claiming in the mother's right, is entitled to payment of the insurance under the judgment in her favor. That depends on the interpretation of § 300, directing that the insurance 'shall be payable only' to members of the permitted class, and on the question whether, under the provisions of the act and of the certificate, the insurance should now go to the estate of the mother, to the creditors of the insured, or to the surviving brothers and sisters, if any, none of whom is a party to this suit. That question was not decided by the state court, for the review of whose judgment certiorari was granted, and is not one which can be disposed of on this record."

Upon reconsideration we adhere to and reaffirm our prior holding so far as the questions contained therein may be important or applicable; but we remand the cause to the trial court with the suggestion that the brothers and sisters of the soldier, if any, be made parties and that the court pass upon the question as to whether such brothers and sisters or the administrator of the mother's estate are now entitled to the money involved.

Remanded.