## LARS K. ANDERSON v. OLIVIA STATE BANK AND ANOTHER.[1]

June 24, 1932.

No. 29,043.

[1]Reported in 243 N. W. 398.

*D. F. Nordstrom,* for appellants.

*J. M. Freeman, G. P. Smith,* and *M. C. Dale,* for respondent.

HILTON, J.

Defendants appeal from an order overruling their demurrer to the complaint, the question presented having been stated in the court's opinion to be important and doubtful.

The complaint alleges that Edward Snicker is a world war veteran, mentally incapacitated and totally and permanently disabled; it has been determined by the veterans bureau that he is entitled to receive compensation and insurance payments from the federal government; Lars K. Anderson is the duly appointed, qualified, and acting guardian of Snicker; the Olivia State Bank on June 5, 1931, was closed and is now in liquidation; at the time of its closing said guardian as such had in said bank $1,354.08, of which amount $270.51 was in a commercial checking account and $1,083.57 in a savings account; of the whole amount $374.21 was proceeds of war risk insurance and $979.87 the proceeds of compensation.

A claim in proper form as a preferred one was filed with J. N. Peyton, commissioner of banks for the state of Minnesota in charge of the liquidation. It was disallowed as a preferred but allowed as a general claim in the sum of $1,372.61, of which $18.53 was interest.

The complaint asked that the claim be given preference in the payment of the debts of the bank before the payment of its general debts. The demurrer interposed was on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The question here involved is whether the court erred in overruling the demurrer.

Respondent's claim of preference is based on the ground that the funds were moneys of the United States. Under the statutes of this state debts due the United States and the state of Minnesota are given priority over other indebtedness, excepting the costs

and the expenses of the receivership. G. S. 1923, § 8013, as amended, 2 Mason, 1927, id. This statute has application to the liquidation of state banks. American Surety Co. v. Pearson, 146 Minn. 342, 178 N. W. 817. Were the moneys here involved funds of the United States and thus entitled to preference under state and federal law? We think they were.

A reading of 43 St. p. 613, c. 320, § 21, 38 USCA, § 450, discloses that the veterans bureau has and does maintain control and supervision of guardians of incompetent veterans and the estates accumulated by said guardians. The bureau from time to time by the authority conferred upon it issued numerous rules, regulations, and promulgations for the protection of persons under legal disability. (See U. S. Veterans Bureau Regulations and Procedure, p. 1097 et seq. General Order No. 360, and supplements thereto.) These, in so far as the proposition here involved is concerned, have the force and effect of law. In re Estate of Hallbom, 179 Minn. 402, 229 N. W. 344, 345; 43 St. p. 608, c. 320, § 5, 38 USCA, § 426.

43 St. p. 613, c. 320, § 22, 38 USCA, § 454, provides:

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made * * *; and shall be exempt from all taxation."

It was manifestly the intention of congress that such funds should be received by an incompetent ward in their entirety. It had the absolute right so to provide. Congress could never have intended that creditor depositors in a failed bank should profit from such funds, as they would if the claim here was allowed only as a general one. Such funds do not vest in the ward until actually paid over to him or until the funds are expended for his benefit. Neither was done. See generally, U. S. v. Hall, 98 U. S. 343, 25 L. ed. 180; Manning v. Spry, 121 Iowa, 191, 96 N. W. 873; Tama County v. Kepler, 187 Iowa, 34, 173 N. W. 912; 11 R. C. L. § 38, at p. 525; Frisbie v. U. S. 157 U. S. 160, 15 S. Ct. 586, 39 L. ed. 657; also 21 R. C. L. p. 247, § 13, and cases cited.

The federal government has sought in every way to protect a beneficiary such as Edward Snicker. In In re Estate of Harris, 179 Minn. 450, 229 N. W. 781, this court held that payments of war risk insurance did not become general assets of the estate of a deceased veteran and were not subject to taxes. Like holdings are found in other states. In In re Estate of Hallbom, 179 Minn. 402, 405, 229 N. W. 344, this court said:

"Having in mind the repeatedly expressed and obvious purpose of the act, we are of the opinion that reason and principle require us to hold, as we do, that the payment of the funds to the estate of the insured is merely a matter of procedure, and the representative of the estate is to distribute it only to persons included 'within the permitted class.' The persons who would receive the money receive it as beneficiaries under the policy and not as heirs at law."

Numerous cases are cited in that opinion. The creditors of the estate were not allowed to participate to any extent in the funds resulting from the war risk insurance policy.

Respondent rightly relies upon State ex rel. Sorenson v. Security Bank, 121 Neb. 521, 237 N. W. 620, 622, and State ex rel. Spillman v. First State Bank, 121 Neb. 515, 237 N. W. 623, 625. These two Nebraska cases are directly in point. In the latter case the Nebraska supreme court said [121 Neb. 521]:

"Where war risk insurance is paid by the United States to the guardian of an incompetent, the money belongs to the United States, and is subject to its control until it reaches the beneficiary designated according to law. In such a case, the guardian is the agent for the government and his authority over the fund is limited and controlled by federal statutes alone."

In State ex rel. Sorenson v. Security Bank, 121 Neb. 521, 237 N. W. 620, the Minnesota cases of In re Estate of Hallbom, 179 Minn. 402, 229 N. W. 344, and In re Estate of Harris, 179 Minn. 450, 229 N. W. 781, are cited as authorities. The Nebraska court states [121 Neb. 526]:

"The argument in In re Estate of Hallbom, 179 Minn. 402, 229 N. W. 344, 345, is so concise and sound that we quote and adopt it as follows:" (then quoting the extract from the Hallbom case as hereinbefore given).

The recent case of Ramisch v. Fulton, 41 Ohio App. 443, 180 N. E. 735, reaches the same result as we do here. See also Butler v. Cantley (Mo.) 47 S. W. (2d) 258.

Appellants cite the case of State ex rel. Smith v. Board of Co. Commrs. 132 Kan. 233, 294 P. 915, 917. In that case a guardian of the children of a deceased world war veteran invested funds of the wards which had been received from the veterans bureau in certain stock of a corporation, sold that stock at a profit, and with the proceeds purchased bonds of the same corporation. The real question involved was [132 Kan. 235]:

"Whether corporate securities purchased by a guardian from compensation and insurance moneys payable from the United States veterans bureau are taxable, which might very logically and prop- erly cover the further question as to whether tangibles and intangibles purchased by a world war veteran from compensation and insurance payable from the United States veterans bureau are taxable."

Under the facts in that case the Kansas court held in favor of the taxability. That case is quite distinguishable on the facts from the instant case. However, to the extent, if any, that it is contrary to the views herein expressed, we decline to follow it.

Appellants cite many authorities from this and other states relative to what are and what are not special deposits. They are without application on the question before us. The funds here involved belonged to the United States at the time the bank closed and remained such in the hands of the commissioner of banks. The beneficent purpose of the United States in caring for the worthy objects of its consideration and bounty and in part compensating for needed service rendered in a time of the nation's peril is thus accomplished. The order overruling the demurrer was proper.

Order affirmed.