Common Pleas Court of Stark County.

RICHARD HARDMAN V. IRA J. FULTON.

Decided April 18, 1933.

*Richard Hardman, Jr.,* for plaintiff.
*Earl Shadrach,* for defendant.
*A. M. Barlow,* chief attorney Veterans' Administration, *amicus curiae.*

HARTER, J.

The plaintiff, Boone's guardian, received certain money on behalf of his ward, a mentally incompetent, honorably discharged soldier who served in the World War, as compensation for a service-connected injury, which he deposited in the Canton Bank. This bank became insolvent and was taken over by the superintendent of banks of the state of Ohio, who paid out certain liquidation dividends to the plaintiff. The bank is still, however, in process of

liquidation, and the plaintiff filed a claim for a preference under Section 710-92, General Code, which was refused, and thereupon filed his petition in this court seeking to have his claim declared preferred over that of general depositors. The case is here presented upon a general demurrer to the petition.

It may be stated at the outset that the court takes the view that the right to a preference is not barred by laches, for the petition was filed within the time limited by the act after the claim for preference had been refused by the superintendent, and the act contains no limitation as to the time within which the claim for preference must be made so the court assumes that it is properly made at any time while the bank's assets are in the superintendent's hands.

There can be no doubt of the right of Congress to place conditions upon the fund derived from soldiers' compensation. Article 1, Section 8 of the Constitution of the United States specifically provides for the payment of money by the United States to the objects of its bounty and it has the right to safeguard the gift with such conditions as it sees fit, at least so long as the same are reasonable. This right arises by virtue of the section just quoted and also by virtue of the familiar doctrine that the Congress has such implied powers as are necessary to carry fully into effect any power which is granted under the constitution. *U. S.* v. *Fox,* 95 U. S. 670, *Hall* v. *U. S.,* 98 U. S. 343. It appears plainly, then, that with regard to premiums, bonuses and bounties the United States may punish an embezzler of a fund thus created, *Hall* v. *U. S., supra,* or protect such a fund against process for debt. *Murphy's Committee,* 236 N. Y. Sup. 343, *Halbaum's estate,* 229 N. W. 344 (Minn.), *Payne* v. *Jordan,* 138 S. E. 262. It may also prevent taxation of the fund. *Succession of Gier,* 99 Southern 26, *Tax Commission* v. *Reif,* 119 O. S. 83, *Ramisch* v. *Fulton,* 36 O. L. R., 122; 41 O. App. 443; 180 N. E. 735.

The general principles involved seem to be quite plain, but there appears to be the greatest confusion in working them out. For instance, the same Court of Appeals has taken the contrary view of the matter in *Ramisch* v.

*Fulton, supra,* and *Fulton* v. *Stempier,* 13 Abstract 329, attempting to distinguish the latter case on the sole ground that there had been some commingling of other funds with the gift from the Government and some withdrawals from it. The courts of last resort in both the states of Connecticut and Kentucky have held that no right to preference exists, while the Supreme Courts of Nebraska and Minnesota hold the fund to be clothed with a preference. *Shippey* v. *Commercial Trust Co.,* 161 Atlantic 775 (Conn.), *Smith* v. *Smith, Guardian,* 50 S. W. 64 (Ky.), *State ex rel Spillman* v. *First State Bank of Pawnee,* 237 N. W. 623 (Neb.), *Anderson* v. *Olivia State Bank,* 243 N. W. 398 (Minn.).

In this confused state of the authorities it is necessary to look to the acts of Congress in order to determine the exemptions with which Congress has clothed the fund, and such an examination shows that the courts have been concerned with the preferences as to funds which have come to veterans of the World War in one or the other of two general ways; first, with the preceeds of loans made upon adjusted service certificates (soldier's bonus), and second, with money which has been paid to the soldier under the war risk insurance contract or for disability received in line of duty. The exemption section of the act having to do with funds of the first class reads as follows:

"No sum payable under this chapter to a veteran or his dependents, or to any beneficiary named under part V of this chapter. No adjusted service certificate and no proceeds of any loan made on such certificate shall be subject to attachment, levy or *seizure* under any legal or equitable process or to national or state taxation." Title 38, Sec. 618 U. S. C. A. Act of May 1924.

That section of the act having to do with funds of the second class, however, is slightly different and reads as follows:

"That the compensation, insurance and maintenance and support allowance payable under titles 2, 3 and 4 respectively shall not be assignable, shall not be subject to the claims of creditors of any person to whom an award is made under titles 2, 3 or 4, and shall be exempt from all taxation, provided that such compensation, in-

surance and maintenance and support allowance shall be subject to any claims which the United States may have under titles 2, 3, 4 and 5 against the person on whose account the compensation, insurance or maintenance and support allowance is payable." Title 38, U. S. C. A., Sec. 454 as amended July 3rd, 1930.

A comparison of these two sections discloses that adjusted compensation, or "bonus money" as it will hereafter be called, is clothed with a higher degree of untouchableness than is either insurance or compensation money. Both are exempt from taxation, both are exempted from the claims of creditors, but bonus money is exempt from *seizure* while money of the other sort is not. It seems strange to the Court that in all the reported decisions of the various courts of last resort no distinction has been drawn between the two classes of funds. There seems to be a disposition to argue without sticking to the text closely enough. An attempt is made to predicate a preference for compensation funds in the hands of the state, upon the analogy of the undoubted exemption of the same from taxation, without a proper realization that the tax exemption comes by definite grant from the Congress. This court seeks to point out that there is a fundamental difference between the exemptions provided for the two funds and that the difference is of vital importance to the decision of this case.

These are compensation funds, they are exempt from taxation of all sorts, they are exempt from claims of the veteran's creditors, they are not exempt from seizure. When the veteran's guardian placed them in the bank since all men are bound to know the law, he realized that should the bank become insolvent it would be taken over by the state superintendent of banks, who would by that act *seize* this as well as all other deposits in the institution. There is little doubt that the Congress could, if it had desired, have made these funds exempt from seizure, and since they may readily be identified, could have clothed them with the preference which the plaintiff seeks. Congress did not see fit to do so and the court cannot extend the terms of the statute.

In this connection it is interesting to note that the Su-

preme Court of the United States has recently decided the case of *Spicer* v. *J. Bryan Smith, supra,* which was admitted there on writ of *certiorari* to the Court of Appeals of Kentucky, and is numbered 388 on the docket of the current term, Vol. 77, No. 10, page 599, Lawyer's Edition Advance Opinions. In this case another ground for the claimed exemption was argued which is much broader than the foregoing, for claim there was made that under U. S. C. A. Title 31, Sec. 191, the funds in the hands of the guardian were money belonging to the United States, and consequently under that section were entitled to the preference under the doctrine of prerogative right which that section sets up. The Supreme Court, however, in affirming the judgment clearly says that payment to the guardian is payment to the veteran and the fund thereafter does not belong to the United States, whose obligation to the veteran has been discharged. So that even the Government itself is not entitled to the preference here claimed.

The demurrer will be sustained, with exceptions to the plaintiff. The court realizes that the plaintiff may not desire to further plead but will desire to have judgment entered up and prosecute error directly from the decision of this court. For that reason the entry may be drawn by the defendant.