[1] Reported in 249 N.W. 417.
Certiorari granted by United States Supreme Court November 20, 1933.
290 U.S. ___, 54 S.Ct. 131, 78 L. ed. 222.
On appeal from probate court, judgment was entered in the district court that the proceeds of war risk insurance on the life of the deceased soldier became an asset of his estate as of the date of his death. From that judgment separate appeals (consolidated here) have been taken, one by surviving brother and sisters of the deceased, and another by John G. MacLean, as special administrator of the estate of Selma Hallbom, mother of the soldier, who died pending this proceeding for the probate of her son's estate.
Jacob E. Hallbom, a soldier of the United States during the world war serving in the area of hostilities in France, took out war risk *Page 385 
insurance in the sum of $10,000. The one named beneficiary was Peter J. Hallbom, his father. The insured departed this life October 20, 1925. Thereafter the father, as beneficiary, received monthly instalments until he too passed away February 22, 1928. Selma Hallbom, mother of the soldier and wife of Peter, the beneficiary, survived both.
Edward A. Pagel as administrator of the estate of the deceased soldier, in his final account reported to the probate court that claims had been allowed against the estate but not paid because objection had been made to their payment "from funds derived from U.S. War Veterans' insurance." The probate court held that the commuted fund ($9,116) was a part of the estate of the deceased soldier and subject to the payment of his debts. Selma, the soldier's mother, appealed to the district court, which held that the fund was not subject to the soldier's debts but should pass free of them to the soldier's heirs within the permitted class of beneficiaries (38 USCA, § 511). Upon appeal by the administrator to this court (In re Estate of Hallbom, 179 Minn. 402, 229 N.W. 344) we affirmed the judgment. Our opinion then was that they took as beneficiaries and not as heirs at law.
To review that decision, certiorari was granted by the Supreme Court of the United States (Pagel v. Hallbom,282 U.S. 819, 51 S.Ct. 25, 75 L. ed. 732). While the petition was pending, the mother, Selma Hallbom, died testate August 7, 1930. By her will all her estate was left to her children, Ebba, Annie Corey, Clara M. Hallbom, and Charles Hallbom, and a granddaughter, Selma Gabrielson, who have been interpleaded. John G. MacLean was appointed special administrator of her estate and was substituted in her stead as a respondent in the Supreme Court. Because of the change in the situation resulting from the death of Selma Hallbom, the Supreme Court declined decision on the merits (Pagel v. MacLean, 283 U.S. 266, 269,51 S.Ct. 416, 418, 75 L. ed. 1023) but vacated our judgment in the matter and remanded the cause, "in order that the state court may be free to deal adequately with the questions which must be determined in order to make appropriate distribution of the fund involved." *Page 386 
The case returning here, we filed an ex parte opinion (183 Minn. 429, 237 N.W. 21) remanding the case to the district court with the suggestion that the surviving brother and sisters of the deceased soldier be made parties. Thereupon the case went back to the district court and the decision there already indicated. Upon the grounds hereinafter stated, we affirm. The matter is determined by federal law. That law as it now stands required the decision below.
1. Our former decision (179 Minn. 402, 229 N.W. 344) is invoked by appellants as res judicata. It does not have that effect because no issue becomes res judicata until made so by final judgment. In this case there is as yet no such judgment. 1 3 Dunnell, Minn. Dig. (2 ed. Supp.) §§ 398, 5159, et seq.
2. Our former decision must now be considered erroneous because in disagreement with the rule settled by the Supreme Court of the United States. But, say appellants, it nevertheless remains the law of the case. Their argument is that, even though the decision was not an end of the matter so as to make it res judicata, it yet stands as the decision of an appellate court, so settling the law of the case as to be controlling in district and probate courts and also here. That view is erroneous because, on a federal question, this is but an intermediate appellate court rather than the tribunal of last resort. The law is that a rule "laid down by an intermediate appellate court upon an appeal is not binding upon that court, upon a second appeal, where the highest appellate court has, since the first appeal," even in another case, "decided the precise question" otherwise. So, also, "a decision of an intermediate appellate court, which has been reversed or modified on appeal, and held for naught, is not binding upon it, upon a subsequent appeal of the same case." 1 A.L.R. 1275, citing Zerulla v. Supreme Lodge, 223 Ill. 518,79 N.E. 160; Steele v. Boley, 7 Utah, 64, 24 P. 755. See also 8 A.L.R. 1033, and 67 A.L.R. 1390. In Sands v. American Ry. Exp. Co. 159 Minn. 25, 198 N.W. 402, it was explained that, although we adhere strictly to the "doctrine of the law of the case," the rule is one of practice and not substantive law. So it *Page 387 
expresses no "limitation of power." There we overruled a former decision in the same case in deference to the federal rule settled by a later and controlling decision of the Supreme Court of the United States. In contrast is Goneau v. M. St. P. S. S. M. Ry. Co. 159 Minn. 41, 198 N.W. 403, 405, where the federal rule was considered not inconsistent with our former decision. So the latter retained its effect as law of the case. All else aside, our former decision in the instant case was vacated by the Supreme Court and so is of no effect.
3. The war risk insurance act (see, as to origin, 40 St. 398) in respect to the present issue, has been much changed by amendment and now provides (38 USCA, § 514):
"If no person within the permitted class be designated as beneficiary * * * by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award."
The effect of that section is settled by Singleton v. Cheek,284 U.S. 493, 497, 52 S.Ct. 257, 259, 76 L. ed. 419, 81 A.L.R. 923.
"By that amendment," the court said, "the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary." *Page 388 
Comment is made that the state courts, with almost entire unanimity, have reached the same conclusion. The state cases pro and con are cited in a footnote [284 U.S. 497, 498], and among the relatively few "directly or apparently to the contrary" is our former decision in this case (179 Minn. 402,229 N.W. 344). So, the district court was right in holding that the fund in question is to be considered part of the estate of the deceased soldier, having become such, for purposes of distribution, as of the date of his death.
4. To be distributed as part of the estate of the deceased, the fund is subject to the claims of creditors, whose claims were presented to and allowed by the probate court, unless there is statutory bar. There is none. It is provided by 38 USCA, § 454, that "the compensation, insurance, and maintenance and support allowance payable under Parts II, III, [relating to insurance] and IV respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation." However it might be otherwise, and in view of the amendment of § 514, construed in Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L. ed. 419, 81 A.L.R. 923, it cannot be held now that exemption of the fund survives both insured and beneficiary for benefit of the heirs of the former. The disclosed purpose of the exemption was to safeguard to the beneficiaries of the law "the appropriations and payments made for their benefit." Spicer v. Smith,288 U.S. 430, 435, 53 S.Ct. 415, 417, 77 L. ed. 599. (In this decision it was held that a deposit of war risk insurance funds by the guardian of an incompetent veteran in a bank which subsequently became insolvent was not entitled to priority of payment out of the assets of the bank as a debt due to the United States. In effect that overrules Anderson v. Olivia State Bank, 186 Minn. 396,243 N.W. 398, 83 A.L.R. 1086.) That obvious purpose negatives any to safeguard the proceeds of war risk insurance for the benefit of the heirs of the deceased. The absence of ethical ground for such a purpose argues against its existence, in the absence of language demonstrating that it was the intent of congress. If, as declared by the amendment *Page 389 
of 1925, and as held in Singleton v. Cheek, 284 U.S. 493,52 S.Ct. 257, 76 L. ed. 419, 81 A.L.R. 923, the fund after the death of both the insured and beneficiaries becomes an asset generally of the estate of the former as of the date of his death, it must follow, in absence of controlling declaration of congress to the contrary or of some effective state exemption law, of which we have none, that the fund is available for the payment of the claims of the creditors of the deceased soldier.
As we construe it, the decision of the Supreme Court of the United States in this case (Pagel v. MacLean, 283 U.S. 266,267, 51 S.Ct. 416, 417, 75 L. ed. 1023) at least by implication, requires that holding. The provision of the certificate, which was but a repetition of the law, that this insurance is not "subject to the claims of the creditors of the insured or of the beneficiaries," was quoted in connection with the comment that § 300 of the war risk insurance act (43 St. 624, amended, 43 St. 1308; 38 USCA, § 511) declared the purpose to afford commissioned officers and enlisted men "protection for themselves and their dependents." (None of the presently interested heirs were dependents of the deceased soldier.) The opinion proceeds to the effect that the question presented by the record and decided by this court was [283 U.S. 267]
"whether, under the provisions of the act and of the certificate of insurance, the administrator of the insured received the insurance as an asset of the estate subject to payment of debts and administration expenses, or as trustee for the benefit of such of the surviving members of 'the permitted class' of beneficiaries as would be entitled to decedent's personal property under the laws of Minnesota, * * *. The court held that despite the difference in language between § 303 [38 USCA, § 514] and its earlier forms * * * the members of the permitted class were to be preferred over creditors of the insured, and directed judgment for payment of the insurance to the mother, as the only person in the permitted class entitled to take the personal property of insured under the intestacy laws of the state." *Page 390 
"The difference in language" so referred to was considered in Singleton v. Cheek, 284 U.S. 493, 496, 52 S.Ct. 257,76 L.ed. 419, 81 A.L.R. 923, to have effected a "radical change" — radical in that the new law made the fund generally a part of the estate of the insured as of the date of his death instead of the property of the heirs of the insured within the permitted class of beneficiaries. That change unavoidably makes such funds subject to the claims of creditors of the insured in the absence of any law to the contrary in the state of the residence of the deceased soldier. As part of the nonexempt personal estate of the deceased, our law expressly subjects it to the payment of his debts. 2 Mason Minn. St. 1927, § 8726. The same result has been matter of decision, or at least assumption, in many other states. Whaley v. Jones,152 S.C. 328, 149 S.E. 841; In re Dempster's Estate, 247 Mich. 459,226 N.W. 243; In re Storum's Estate, 220 App. Div. 472,221 N.Y. S. 771; In re Estate of Pruden, 199 N.C. 256, 154 S.E. 7; In re McQuade's Estate, 88 Colo. 341, 296 P. 1023 (expressly and properly disapproving of our former decision in this case); Gunn v. Yancey, 225 Mo. App. 1231, 33 S.W.2d 1029. There is nothing in our decision of In re Estate of Erickson, 187 Minn. 650,245 N.W. 636, 247 N.W. 679, going against the views above expressed; a very different, although somewhat related, issue having been involved there.
The judgment is affirmed. *Page 391