Marilyn THRELKELD, et al.,
Appellants,

v.

The ROBBINSDALE FEDERATION OF
TEACHERS, LOCAL 872,
AFL–CIO, Respondent,

State of Minnesota, Intervenor,
Respondent,

Public Employment Relations Board,
Intervenor, Respondent.

No. 81–683.

Supreme Court of Minnesota.

March 5, 1982.
Rehearing Denied April 14, 1982.

Darel F. Swenson, Wayzata, Edwin Vieira, Jr., Silver Spring, Md., for appellants.

Peterson, Engberg & Peterson Roger A. Peterson and William Garber, Minneapolis, for The Robbinsdale Fed. of Teachers, Local 872, AFL–CIO.

Warren Spannaus, Atty. Gen., and Barbara Lindsey Sims, Sp. Asst. Atty. Gen., St. Paul, for State of Minnesota.

Warren Spannaus, Atty. Gen., and Brad Engdahl, Sp. Asst. Atty. Gen., St. Paul, for Public Employment Relations Bd.

Gregg Corwin, Minneapolis, Winn Newman and Barbara Kraft, Laurence Gold, Sobol & Trister and Richard B. Sobol, Washington, D.C., for AFSCME Minnesota Council.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and Eric R. Miller, St. Paul, for MEA.

KELLEY, Justice.

This is an appeal from a May 6, 1981, order of the Hennepin County District Court affirming an order of the Public Employment Relations Board dated December 6, 1979, determining that appellant, a non-member of the Robbinsdale Federation of Teachers, Local 872, was legally assessed "fair share fees," pursuant to Minn.Stat. § 179.65. We affirm.

The facts and background of this litigation are set forth in *Robbinsdale Education Association v. Robbinsdale Federation of Teachers, Local 872*, 307 Minn. 96, 239 N.W.2d 437 (1976). Following that decision, appellant appealed to the United States Supreme Court. Before that appeal was decided, the Minnesota legislature amended Minn.Stat. § 179.65, subd. 2. The United States Supreme Court then "vacated and remanded" the decision in *Robbinsdale Education Association* "for further consideration in light of Chapter 102 of the 1976 Session Laws of Minnesota." *Threlkeld v. Robbinsdale Federation of Teachers*, 429 U.S. 880, 97 S.Ct. 225, 50 L.Ed.2d 160 (1976). We then remanded the case to the district court "for further proceedings." Thereafter, hearings were held before the Bureau of Mediation Services and the Public Employment Relations Board, which, by its December 6, 1979, order, affirmed the validity and amount of the "fair share fee" assessed against appellant. The Hennepin County District Court affirmed the Public Employment Relations Board, holding that on its face and as applied to this appellant, the original statute, Minn.Stat. § 179.65, subd. 2, and its 1976 amendment, did not violate the first or fourteenth amendment to the United States Constitution.

■ In *Robbinsdale Education Association*, we held that the financial stability of exclusive representatives was of such importance as to override the need to determine the "fair share" fee's validity *prior to*

its imposition. We likewise there indicated that non-bargaining unit members had certain remedies to protect their rights. Finally, we invited the attention of the legislature to the question of providing a resolution of the problem.[1] Since that decision was "vacated" by the United States Supreme Court, it presently is without force or effect. *In re Estate of Hallbom*, 189 Minn. 383, 249 N.W. 417 (1933).

■ We have now reviewed our prior opinion in *Robbinsdale Education Association*. We herewith reinstate it with respect to this case as it existed prior to the 1976 amendment. Moreover, we have concluded the amended statute affords to appellants substantial first and fourteenth amendment rights that the original statute did not. Accordingly, we affirm the trial court.

Affirmed.

1. Apparently in response to that invitation, the legislature did amend the statute by enacting 1976 Minn.Laws, ch. 102, § 2. This amendment, unlike the predecessor statute which we held in *Robbinsdale Education Association* comported with constitutional due process con-

cepts, did provide for advance written notice of the amount of the proposed "fair share fee assessment" and for a hearing subsequent thereto before any fees deducted are transmitted to the union.