BRANCH BANKING AND TRUST COMPANY, GUARDIAN OF ETHEL LEE
PETWAY, v. R. L. BRINKLEY, ADMINISTRATOR OF THE ESTATE OF JACK W.
MONTAGUE.

(Filed 19 September, 1928.)

**Insurance—Right to Proceeds upon Death of Beneficiary—Descent and Distribution.**

Where a soldier insured under the provisions of the War Insurance Act names his brother and sister as beneficiaries in the policy, and is killed in action, leaving him surviving the brother and sister, and aunts and uncles, and shortly after the insured's death his brother is killed, leaving the sister his next of kin, and certain payments are made to the sister under the terms of the policy, and she dies, leaving her surviving a daughter: *Held,* upon the death of the insured his personal property descends immediately to the brother and sister as his next of kin, and, upon the death of the brother, the sister takes the whole interest as distributee and not as beneficiary, and upon her death the interest descends to her daughter as heir at law, to the exclusion of the aunts and uncles.

CIVIL ACTION, before *Midyette, J.,* at May Term, 1928, of WILSON.

The judgment contains all the essential facts and was as follows: "This cause is heard at the May Term, 1928, of the Superior Court of

Wilson County, before his Honor, G. E. Midyette, Judge, holding the courts of the Second Judicial District, and is heard on the motion of the plaintiff for judgment on the pleadings.

From the complaint and the answer the following facts are admitted, and all other facts of the complaint are admitted:

1. That the plaintiff herein is the duly appointed guardian of Ethel Lee Petway, a minor, residing in Wilson County.

2. R. L. Brinkley is the duly appointed and qualified administrator of the estate of Jack W. Montague, who was killed in action on September 26, 1918, while serving as a soldier with the American Army in France.

3. That prior to the death of Jack W. Montague, he applied for and there was issued to him by the Bureau of War Risk Insurance of the Treasury Department of the United States of America, War Risk Insurance in the amount of $10,000, payable to his brother John M. Montague and his sister, Walina Petway, in an equal amount, in monthly installments as provided by the Acts of Congress relating to War Risk Insurance.

4. John M. Montague, one of the beneficiaries under said certificate of insurance, who was also a soldier with the American Army in France, died of wounds received in action on 6 October, 1918, and by reason of his death Walina Petway, under and subject to the provisions of the Acts of Congress, became solely entitled to all of the benefits of said certificate of insurance on the life of Jack W. Montague.

5. Jack W. Montague was survived by his brother, John M. Montague, who died on 6 October, 1918, leaving as his next of kin Walina Petway, and by Walina Petway, who was after the death of John M. Montague sole next of kin to Jack W. Montague.

6. He was survived by certain uncles and aunts.

7. Walina Petway died intestate in Wilson County, in 1924, survived by her daughter and sole next of kin, Ethel Lee Petway, who was born after the death of Jack W. Montague and John M. Montague.

8. That the Bureau of War Risk Insurance has paid to R. L. Brinkley, as administrator of the estate of Jack W. Montague, to be administered according to the laws of intestacy of North Carolina, the commuted value of the certificate of insurance on the life of Jack W. Montague, and the administrator has in hand at this time, belonging to the said estate, a sum of money of approximately $7,434.19.

9. There are no unpaid debts of the estate of Jack W. Montague, and the amount now on hand with the administrator belongs to the proper distributees of the said Jack W. Montague.

The court is of the opinion that the estate in the hands of the administrator should properly be distributed to Branch Banking and

Trust Company, guardian of Ethel Lee Petway, daughter of Walina Petway, to the exclusion of the uncles and aunts of Jack W. Montague.

Thereupon, by the court, it is ordered, considered, adjudged and decreed that R. L. Brinkley, administrator of the estate of Jack W. Montague, do pay unto Branch Banking and Trust Company, guardian of Ethel Lee Petway, the net amount remaining in his hands, belonging to the estate of Jack W. Montague, after the payment of the cost of this action, including an allowance to be hereafter made for the use of his attorney in defending this action, and for doing such other acts and things as may be necessary and proper for said attorney to do to properly safeguard the interest of all parties hereto.

For the protection of the administrator and his surety, the court, of its own motion, suggests that the administrator note his exception to this order and perfect an appeal to the Supreme Court of North Carolina, being moved to do so by reason of the fact that the question of law presented in this cause has not heretofore been determined by the courts of this State in so far as the same has come to the attention of this court."

*W. A. Lucas and Manning & Manning for plaintiff.*
*Connor & Hill for defendant.*

BROGDEN, J. The question is this: Under the War Insurance Act, Title 38, chapter 10, section 514, U. S. Code Annotated, are the distributees of a deceased soldier to be ascertained at the time of his death or at the time of the death of the beneficiary named in the certificate of insurance?

The act referred to provides in section 514 thereof, among other provisions, as follows: "If the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award."

The statute mentioned has been amended from time to time, but these amendments are not pertinent to this appeal.

Jack W. Montague received war risk insurance in the sum of $10,000, payable to his brother, John M. Montague, and his sister, Walina Petway. The insured was killed in action on 26 September, 1918, while serving as a soldier with the American Army in France. His brother, John M. Montague, one of the beneficiaries named in said certificate of insurance, died of wounds received in action on 6 October, 1918. Therefore the insured, Jack W. Montague, was survived by his brother, John M. Montague, and his sister, Walina Petway. It does not appear

that either the mother or father of the insured was alive at the time of the death of the insured. John M. Montague, who died of wounds on 6 October, 1918, left no children, or widow, or father, or mother, and his next of kin was his sister, Walina Petway. After the death of Jack W. Montague the Bureau of War Risk Insurance paid to Walina Petway the monthly installments according to said certificate of insurance until the death of said Walina Petway in 1924. Walina Petway left her surviving as her sole next of kin a daughter, Ethel Lee Petway, who was born after the death of the insured. After the death of Walina Petway, to wit, on 4 September, 1925, the defendant, R. L. Brinkley, was duly appointed and qualified as administrator of Jack W. Montague, the insured. The Bureau of War Risk Insurance has paid to said administrator the balance due under said certificate of insurance, amounting to $7,889.00. The uncles and aunts of said insured claim the fund, and the plaintiff, the guardian of Ethel Lee Petway, claims the fund. The uncles and aunts of the insured assert that, upon the death of the beneficiary, Walina Petway, the fund became payable to the "estate of the insured." The guardian of Ethel Lee Petway asserts that the "estate of the insured," with reference to those entitled as distributees thereof, should be ascertained as of the death of the insured and not as of the death of the beneficiary.

The identical question presented has been decided by the courts of last resort in Iowa, Maryland, Texas, and Wisconsin, and also by the Supreme Court of the United States. *In re Pivonka's Estate,* 211 N. W., 246; *In re Jacobs' Estate,* 136 Atlantic, 536; *Battaglia v. Battaglia,* 290 S. W., 296; *In re Singer's Estate,* 213 N. W., 479; *White v. U. S.,* 70 L. Ed., 530.

The principle of law governing the question is thus stated *In re· Jacobs' Estate, supra.* "The distributee of the estate of George Mitchell Jacobs, under our statutes, was his mother, as he was not survived by his father, and had no descendants. The vested right of the mother to the estate of her intestate son was not affected by the fact that she died before the estate was administered, or that she was the recipient, during her life, of payments under the contract of insurance from which the only asset of the estate was derived. If she had not been named as beneficiary to that extent in the policy, it would hardly be contended that her death, subsequent to that of her son, extinguished the interest which she had acquired in his estate as sole distributee under our statute. . . . In our opinion, the fund for distribution must follow the course which the statute defines, and be paid to the personal representative of the decedent's mother, who became entitled to his estate under the explicit provisions of the law."

Again, in the *Battaglia case, supra,* the Court said: "Upon the death of Chas. W. Battaglia, his father, under the retroactive feature of the law of 4 March, 1925, thus occupied as to the insurance the dual capacity of beneficiary and sole heir at law of the insured. His right as beneficiary did not destroy or in any wise impair any right which he had as heir at law. Whatever right he had as an heir passed upon his death to his sole heir, the appellant herein."

The *Singer case, supra,* holds: "The whole amount of the policy not having been paid to the beneficiary, the estate of the deceased was augmented by the present worth of future payments. When this sum was paid to the administrator under the law, it must be distributed to his heirs as of the date of his death."

Also in *Pivonka's Estate, supra,* the Court said: "The estate of the insured came into being as the estate of a deceased person instantly upon the death of such deceased person. The heirs of a decedent are, under the laws of this State, to be determined by ascertaining upon whom the law casts the estate immediately upon the death of an ancestor. Whether or not the estate of the soldier was in process of administration prior to the death of the beneficiary is quite immaterial."

Applying these principles of law to the facts disclosed by the record, it is clear that, under our statute of distribution, the next of kin of the insured at the time of his death in 1918, were his brother John and his sister Walina, and that the personal property of said decedent vested in said next of kin immediately upon his death. John died of wounds a few days after his brother Jack, leaving as his sole next of kin his sister, Walina Petway. Walina Petway therefore took the estate not as beneficiary, but as distributee under the laws of North Carolina then in force. It necessarily follows that the child of Walina Petway, the plaintiff in this action, is entitled to the whole fund to the exclusion of uncles and aunts.

Affirmed.