IN RE ESTATE OF ARTHUR PRUDEN.

(Filed 2 July, 1930.)

**Insurance N a—Upon death of beneficiary of War Risk insurance proceeds
are to be distributed according to canons of descent as of death of
insured.**

Under the amendment to the War Risk Insurance Act, which is retro-
active as well as prospective in effect, upon the death of the beneficiary
named in the policy the proceeds are to be distributed according to the
canons of descent as of the death of the insured, and where the insured
soldier dies leaving him surviving his mother, the beneficiary in the
policy, and a brother and sister, upon the death of the mother the brother
and sister are entitled to the monthly payments under the policy as
statutory beneficiaries, and upon the death of the sister her children are
entitled to the cash value of the payments due her as her heirs at law to
the exclusion of the brother of the insured, who is entitled only to the
monthly payments due him under the policy.

CIVIL ACTION, before *Sinclair, J.,* 23 October, 1929. From GATES.

The agreed facts are substantially as follows:

Arthur Pruden, a soldier in the American Army, contracted for and
received from the Bureau of War Risk Insurance a certificate or policy
in the sum of $5,000. The mother of said soldier, to wit, Mary Eliza-
beth Brothers, was named as sole beneficiary therein. Arthur Pruden,
the soldier, died intestate and unmarried on 26 January, 1920. At the
time of his death he left surviving his mother, aforesaid, a sister, Ada
Pruden Harrell, and a brother, Richard Pruden. The mother, as
beneficiary named in the policy, received payments from the Treasury
Department upon said policy until her death on 26 December, 1920. At
the time of her death she left two children, to wit, Richard Pruden and
Ada Pruden Harrell, who were the brother and sister of the deceased
soldier. Thereafter, the Bureau of War Risk Insurance awarded the
insurance equally to Richard Pruden and Ada Pruden Harrell, paying
to each of said persons the sum of $14.37 per month. Richard Pruden,
brother of the deceased, is still living and receiving the award of
$14.37 per month. Ada Harrell, sister of the deceased, received her
award of $14.37 per month until her death on 19 March, 1926. At the
time of her death Ada Harrell left a husband, George Harrell, and two
children, to wit, Carmen Harrell, 9 years of age, and Mary Harrell,
5 years of age. On 1 January, 1927, F. L. Nixon was duly appointed
administrator of the estate of Arthur Pruden, deceased, and the Bureau
of War Risk Insurance has paid to said administrator the sum of $1,901,
which represents the principal of the unpaid installments heretofore
awarded Ada Harrell.

Upon these facts Richard Pruden, brother of the soldier, claims one-half of said sum as next of kin of the deceased soldier. The minor children of Ada Harrell claim said sum through their mother, Ada Harrell. The father of said minors, to wit, George Harrell, makes no claim so far as this record discloses.

Upon the foregoing facts it was adjudged by the clerk of the court "that the administrator of Arthur Pruden do pay to the personal representatives of Ada Harrell or to her heirs at law, the lump sum payment of the residue of her $14.37 per month, to 26 January, 1940, had she lived to that time, now in his hands, after first deducting the cost and a reasonable attorney's fee.".

From the foregoing judgment Richard Pruden appealed to the judge of the Superior Court, who affirmed the judgment of the clerk, and thereupon the said Richard Pruden appealed to this Court.

*John Hill Paylor for plaintiff.*
*J. M. Glenn for defendant.*

Brogden, J. The paramount question of law is this: Did Ada Harrell have a vested right in the proceeds of the insurance paid to the administrator of Arthur Pruden by the United States Veterans' Bureau?

The overwhelming weight of authority, as we interpret the decisions, is to the effect that war risk insurance constitutes a part of the *corpus* of the estate of the insured. *Petition of Robbins,* 140 Atlantic, 366; *Williams v. Eason,* 114 Southern, 338; *In re Dean's Estate,* 225 N. Y. S., 543; *In re Ogilvie's Estate,* 139 Atlantic, 826; *McDaniel v. Sloan,* 11 S. W. (2d Series), 894; *Palmer v. Mitchell,* 158 N. E., 187, 55 A. L. R., 596. The author of an extensive note in 55 A. L. R., 596, says: "The question has arisen in a number of cases as to whether those entitled to 'the estate of the insured' under the amendment should be determined as of the date of the death of the insured, or as of the date of the death of the beneficiary. With the exception of but one jurisdiction, as noted hereafter, the courts passing upon the question have uniformly held that the date of the death of the insured is the time by which such questions should be determined, and not the date of the death of the beneficiary."

The identical question was considered by this Court in the case of *Trust Co. v. Brinkley,* 196 N. C., 40, 144 S. E., 530, in which case we adopted the prevailing rule.

Who, then, under our statute, were the distributees of the soldier at the date of his death, to wit, on 26 January, 1920? Our statute of distribution is C. S., 137. Subsection 5 of said statute is as follows: "If there is neither widow nor children, nor any legal representative of the

children, the estate shall be distributed equally to every of kin of the intestate, who are in equal degree, and those who legally represent them." The pertinent part of subsection 6 is as follows: "If, in the lifetime of its father and mother, a child dies intestate, without leaving husband, wife or child, or the issue of a child, the estate shall be equally divided between the father and mother. If one of the parents is dead at the time of the death of the child, the surviving parent shall be entitled to the whole of the estate," etc. Under our statute the mother of Richard Pruden, at the time of his death, was his sole distributee. In *Wells v. Wells,* 158 N. C., 330, 74 S. E., 114, this Court said: "The next of kin of the intestate is his mother. His brother and sisters are one degree further removed. It follows, therefore, that the mother is entitled to half of the personalty." Therefore, under our statute, and under the facts appearing in the record, the mother of the soldier was his sole distributee and entitled to his personal property. The mother died intestate, leaving two children, to wit, Richard Pruden, brother of the deceased soldier, and Ada Harrell, sister of said deceased. Hence the children of the mother were entitled, under our statute, to receive her personal property.

The Bureau of War Risk Insurance, upon the death of the mother, awarded the insurance in equal proportions, to wit, $14.37 per month, to the brother, Richard Pruden, and the sister, Ada Harrell, under and by virtue of the law then in effect, which provided in substance that upon the death of a beneficiary before receiving all the installments the insurance would be paid to the person or persons within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured be entitled to his personal property in case of intestacy. Hence, Richard Pruden and Ada Harrell were statutory beneficiaries by virtue of the fact that they were within the permitted class and would have taken the personal property of the insured under the law of North Carolina if such insured had died intestate. Thereafter the statute was amended by Congress providing that upon the death of the beneficiary before receiving all of the 240 installments "there should be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of the date of last payment made under any existing award: *Provided,* that all awards of yearly renewable term insurance which were in course of payment on 4 March, 1925, shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this chapter. . . . This section shall be deemed to be in effect as of 6 October, 1917." U. S. C. A., Title 38, section 514.

It is contended by the brother, appellant herein, that, under the existing law, he will still receive his award of $14.37 per month, and that in

addition thereto he is entitled to receive one-half of the proceeds of the award heretofore made to his sister, Ada Harrell. This position cannot be maintained.

The mother of the deceased soldier was entitled to his personal property at his death, not as beneficiary in the policy, but as distributee under the law of North Carolina. Ada Harrell, upon the death of her mother, became entitled to one-half of her mother's property not as a statutory beneficiary, but under the intestate laws of this State. It has been generally held by the courts that beneficiaries, after the death of the insured, have no vested interest therein, and all amendments to the statute regulating war risk insurance and declared to be retroactive, have been upheld. *White v. U. S.,* 270 U. S., 175, 70 L. Ed., 530. While the Federal statute provides that upon the death of any beneficiary the proceeds of the insurance shall revert to "the estate of the insured," such reverter is intended to refer to the distribution of the estate according to the law of the State of residence of the deceased soldier, and hence such funds are paid to the estate of the insured from time to time merely for the purpose of distribution according to law. *Trust Co. v. Brinkley,* 196 N. C., 40, 144 S. E., 530; *Condon v. Mallon,* 30 Fed. (2d Series), 995; *Williams v. Eason, supra; Bank v. McNeal,* 145 S. E., 549; *In re Jacob's Estate,* 136 Atlantic, 536; *In re Singer's Estate,* 213 N. W., 479; *Battaglia v. Battaglia,* 290 S. E., 296.

We are therefore of the opinion, and so hold that the judgment of the trial court awarding the proceeds to the personal representative of Ada Harrell is correct and the same is

Affirmed.