IN THE MATTER OF AVALON E. HALL, ADMINISTRATOR OF ROWAN D. SAUNDERS, DECEASED.

(Filed 11 October, 1933.)

**Insurance N a—Distributees of War Risk Insurance are to be determined as of death of soldier and not as of death of beneficiary.**

　　The distributees of a policy of War Risk Insurance are the heirs at law of the deceased soldier as determined by our statute of distribution as of the date of the soldier's death, and not as of the time of the death

of the beneficiary named in the policy, and where a soldier dies without wife, children, issue of children, or mother him surviving, the father is his sole heir, C. S., 137(6), and although the balance due after payment of the monthly benefits to the beneficiary cannot be distributed until after the beneficiary's death, where the father is named beneficiary such balance, after the father's death, should be paid the father's executor and will pass under the father's will as against the brothers and sisters and half-brothers and half-sisters of the deceased soldier surviving the deceased soldier's father.

CIVIL ACTION, before *Schenck, J.*, at June Term, 1933, of WILKES. Substantially the facts are these:

1. Rowan D. Saunders, a resident of North Carolina, was an American soldier and was killed in action in France on 17 October, 1918.

2. At the time of his death the said soldier held a policy of war risk insurance in the amount of $10,000, payable to his father, William Saunders.

3. William Saunders, father of the deceased and beneficiary in said insurance policy, was married three times. By the first marriage six children are now surviving, and said children are the half-brothers and sisters of the deceased soldier. Of the second marriage three children are now surviving, and these children are brothers and sisters of the whole blood of the deceased soldier. The third wife, Ellen Saunders, is now living.

4. After the death of the soldier in 1918, the Federal Government paid to the father, William Saunders, beneficiary in the policy aforesaid, monthly installments of $57.50.

5. The father and beneficiary died on 17 July, 1931, leaving children as aforesaid, and also leaving a last will and testament, dated 14 November, 1920, by the terms of which will the said William Saunders left his entire estate to his third wife, Ellen Saunders, "for the term of her natural life, the income from same to be used by her and so much of the principal as necessary for her maintenance and support during the term of her natural life, and the remainder to go to the specific heirs set out in said will, to wit, Carrie Elizabeth Dixon, Frederick Daniel Saunders, and Cicero Erastus Saunders. Ellen Saunders is named as executrix in said will and has duly qualified and has entered upon her duties as said executrix."

6. After the death of the beneficiary and father, William Saunders, the Government paid the commuted value of the remaining installments to Avalon E. Hall, administrator of the estate of the deceased soldier. The amount of such sum is $4,376.

7. Frederick Daniel Saunders, brother of the whole blood of the deceased, filed a petition in bankruptcy on 15 November, 1932, and his

trustee in bankruptcy, to wit, Van B. Melchor, claims the interest of said bankrupt in said estate.

The trial judge was of the opinion that the brothers and sisters of the deceased soldier and the trustee in bankruptcy were entitled to the fund, and that Ellen Saunders, executrix under the will of William Saunders, deceased, "has no right, title or interest to any of the proceeds belonging to the estate of Rowan D. Saunders, now in the hands of Avalon E. Hall."

From the foregoing judgment Avalon E. Hall, administrator, and Ellen Saunders, executrix of William Saunders, appealed.

*Jones & Brown for Ellen Saunders and Avalon E. Hall, administrator.*

*W. M. Allen for brothers and sisters of deceased soldier.*

*Felix L. Webster for Melchor, trustee in bankruptcy.*

BROGDEN, J. Who were the distributees of the personal estate of Rowan D. Saunders at the time of his death in October, 1918?

This Court has consistently held that the distributees of a deceased soldier, holding war risk insurance, are to be ascertained at the date of the death of the soldier, in accordance with the intestate laws of the state in which the soldier lived.

It appears from the record that the mother of the deceased soldier was dead prior to 1918, but that his father was living, and that the soldier had no wife or child or issue of a child at the time of his death. Consequently, our statute of distribution C. S., 137, subsec. 6, vested the personal estate of the deceased in the father as sole distributee under the intestate laws of this State. Of course, the final distribution of the estate is postponed until the death of the beneficiary named in the policy. This Court pointed out in *Grady v. Holl,* 199 N. C., 666, 155 S. E., 565, the confusion which may arise in failing to distinguish between the right of property under the intestate law and the right of enjoyment which is postponed until the death of the beneficiary. Therefore, if the money belonged to the father on and after 17 October, 1918, he had a right to dispose of it by will. This he did, and the property must be distributed in accordance with the will of the deceased, William Saunders, as no question is raised as to the validity of the will. See *In re Estate of Pruden,* 199 N. C., 256, 154 S. E., 7.

Reversed.