Moses Reid, a soldier in the United States Army during the World War, died intestate on 23 August, 1920, without leaving a wife or child or issue of such. He left him surviving his father, Adolphus Reid, and his mother, Ida Reid. Adolphus Reid, the father, died on 22 November, 1926, and his mother, Ida, died 22 February, 1932. The deceased soldier had a policy of war risk insurance in the sum of $10,000. In said policy his father and mother were both named beneficiaries. W. M. Smith is the administrator of the estate of the soldier, Moses Reid. Elijah Reid is the administrator of the estate of Adolphus Reid, the father, and Lizzie May McCulloch is the executrix named in the will of the mother, Ida Reid. The father and mother after the death of the soldier were entitled to receive a monthly installment of $28.75 each for a total of 240 months. However, neither of said beneficiaries received any installment prior to death. The Bureau of War Risk Insurance paid to the administrator of the father the aggregate monthly installments which he would have received up to the time of his death, amounting to $2,127.50. The installments the mother would have received amounting to $3,938.75, were paid to her executrix. The sum of $6,630.50 was paid to W. M. Smith, the administrator of the estate of the soldier. The children of the mother, Ida Reid, have filed a caveat to her will. The validity of the will has not yet been determined.
This proceeding was brought to determine the rights of the parties in and to the estate of the soldier. It was admitted that the only property of said estate consisted of war risk insurance and disability insurance paid by the government.
The pertinent portion of the judgment rendered was as follows: "That at the date of the death of Moses Reid his distributees were *Page 103 
Adolphus Reid, his father, and Ida Reid, his mother, and as such distributees they became entitled upon his death to his personal estate. That the money now in the hands of W. M. Smith, administrator of the estate of Moses Reid, consisting entirely of insurance money from war risk insurance, is not subject to claims of creditors of the insured. That as to the $862.50, which was due the insured prior to his death, it belongs to the estate of the father and the estate of the mother equally. That as to the $5,768 received by him as the commuted value of the unpaid portion of the policy after the death of the beneficiaries, it should be paid to the estate of the father and the estate of the mother respectively in such sums as are required to bring the said estates to an equal sum after the sums paid into each by the Bureau of War Risk Insurance, and the half of the $862.50 have been added to make the estate of the father and the estate of the mother exactly equal finally. . . . The court in its discretion declines to rule on the question raised in the petition as to the right of Ida Reid to devise any part of the funds held by the petitioner."
From the foregoing judgment the executrix of the estate of Ida Reid, deceased, appealed.
When Moses Reid died his distributees were his father, Adolphus Reid, and his mother, Ida Reid. Both were living. The statute cast upon each one-half of the personal property of deceased. Thereupon the right of property to such one-half immediately vested. C.S., 137, subsection 6.
Neither received as beneficiary in the war risk insurance policy any installment from the government during his or her life. Therefore, the whole fund in contemplation of law is now assets of the estate of the dead soldier, to be distributed immediately to the estates of his father and mother. The fact that one beneficiary lived longer than the other and hence entitled to receive more money in installments from the government, has nothing to do with the right of property as distributee. The intestate law of this State pegged that right at the death of the soldier. In re Estateof Pruden, 199 N.C. 256, 154 S.E. 7; Grady v. Holl, 199 N.C. 666,155 S.E. 565; Mixon v. Mixon, 203 N.C. 566, 166 S.E. 516; In re Saunders,205 N.C. 241; Singleton v. Cheek, 284 U.S. 493, 76 L.Ed., 419. See, also, Stacy v. Culbertson et al., 160 S.E. 50.
Affirmed. *Page 104