GLAIN SCOTT, DECEASED EMPLOYEE, AND J. O. SCOTT AND WIFE, PARENTS, PLAINTIFFS, v. FRANK AUMAN, EMPLOYER, AND LUMBERMEN'S MUTUAL CASUALTY COMPANY, CARRIER, DEFENDANTS.

(Filed 8 April, 1936.)

APPEAL by defendants from *Clement, J.,* at December Term, 1935, of RANDOLPH.

This cause was heard in the court below upon appeal from an award by the North Carolina Industrial Commission to the plaintiffs, who are the parents and next of kin of the deceased employee, Glain Scott.

From a judgment affirming the award, defendants appealed to this Court.

*A. I. Ferree* for plaintiffs.
*Henderson & Henderson* for defendants.

PER CURIAM. The only question involved is whether the ruling of the court below that the deceased employee left no one dependent is sustained by the evidence heard by the Industrial Commission.

It was not controverted that plaintiffs were entitled to an award, but the defendants contended there was evidence that plaintiffs were partially dependent on the employee, and that the amount of the award should be reduced for that reason in accordance with the provisions of the statutes. C. S., 8081 (tt), 8081 (vv).

The Industrial Commission found the following facts:

"The deceased was living in the home of his father while working in the employ of the defendant Frank Auman. The deceased, from time to time, made some contribution from his earnings towards the purchase of food and other items in the household of his father and mother. The deceased was living in said house and no board was being charged him for living there. From all the evidence it might be fairly concluded that the contributions made by the deceased to the living expenses of the family were no more than his just proportion of said expenses as compensation for his board in said house. While the deceased was away from home he made no contribution whatever to the family. The father of the deceased owned the farm on which he resided and neither the father nor the mother were dependent in any sense upon the deceased, as both were in good health and living on their own land."

There being evidence to support these findings, they are conclusive on appeal. *Tomlinson v. Norwood,* 208 N. C., 716; *Rowe v. Rowe-Coward Co.,* 208 N. C., 484; *Byrd v. Lumber Co.,* 207 N. C., 253.

Judgment affirmed.

---

## DISPOSITION OF APPEALS FROM THE SUPREME COURT OF NORTH CAROLINA TO THE SUPREME COURT OF THE UNITED STATES

*Norfolk & Western Railroad Co. v. Maxwell, Comr. of Revenue,* 208 N. C., 397, affirmed.

*State v. Carden,* 209 N. C., 404, petition for *certiorari* denied.

*Attorney-General v. Gorson,* 209 N. C., 320, petition for *certiorari* denied.