MRS. MAGGIE HAMBY (MOTHER) v. COBB & HOMEWOOD, INC. (EM-
PLOYER) AND HARTFORD ACCIDENT & INDEMNITY COMPANY (CAR-
RIER.)

(Filed 1 February, 1939.)

**1. Master and Servant § 43—**

When a deceased employee leaves no dependents, an award of compensation should be made to his next of kin, ch. 274, sec. 5, Public Laws of 1931, the employee's mother in this case, N. C. Code, 137 (6), and the evidence *is held* sufficient in this case to support the finding that the employee left no dependent or dependents.

**2. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive on the courts when supported by any competent evidence.

APPEAL by defendants from *Spears, J.,* at 3 October, 1938, Civil Term of ORANGE. Affirmed.

This is an appeal by the defendants from the judgment of Spears, Judge, entered at the 3 October, 1938, Civil Term, of the Superior Court of Orange County, N. C. The judgment affirmed the award of the North Carolina Industrial Commission, which award affirmed the award of a hearing Commissioner, granting compensation to the plaintiff, mother of H. M. Hamby, for his death on 24 January, 1938, upon the ground that the said H. M. Hamby left no person or persons wholly or partially dependent upon him for support, and that his death was the result of an injury by accident arising out of and in the course of his employment. Defendants appealed to the Supreme Court.

*Trivette & Holshouser, J. Allie Hayes, and T. R. Bryan for plaintiff.
George D. Taylor and R. M. Robinson for defendants.*

PER CURIAM. We think the court below correct in its ruling. The General Assembly of 1931, ch. 274, sec. 5, amended the Compensation Act, as follows: "By striking out all of said section and by substituting therefor the following: "Section 40. If the deceased employee leaves no dependents the employer shall pay to the next of kin as herein defined the commuted amount provided for in section thirty-eight of this act for whole dependents etc. . . . For the purpose of this section the term 'next of kin' shall include only the father, mother, widow, child, brother or sister of the deceased." The father being dead, the mother was the next of kin. N. C. Code, 1935 (Michie), Article 16, "Distribution," sec. 137 (6).

We think the evidence clearly indicates that the deceased left no dependent or dependents and plaintiff, his mother, was the next of kin under the statute and entitled to the award.

It is so well settled in this jurisdiction, that we need not cite authorities, that if there is any sufficient competent evidence to support the findings of fact of the Industrial Commission they are conclusive on appeal. *Brooks v. Clement Co.,* 201 N. C., 768; *Scott v. Auman,* 209 N. C., 853.

For the reasons given, the judgment of the court below is
Affirmed.