MRS. ANNIE BELL PARSONS, MOTHER, LEROY PARSONS, MINOR, BY HIS GUARDIAN BRADFORD TILLERY; MARY TROY, MATTIE BELL PARSONS, ETHEL LEE TIZZELLE AND CLYDE JENKINS, BROTHERS AND SISTERS OF JAMES PARSONS, DECEASED, EMPLOYEE, v. SWIFT & COMPANY, EMPLOYER, AND SECURITY MUTUAL CASUALTY COMPANY, INSURANCE CARRIER.

(Filed 12 December, 1951.)

**1. Master and Servant § 55d—**

Where the record fails to show that the Superior Court ruled on any of the specific exceptions made by appellant to the findings of the Industrial Commission and fails to show any exception to the failure of the judge to make such specific rulings, the exceptions taken on appeal from the Industrial Commission are not presented on the appeal to the Supreme Court notwithstanding that such exceptions are listed following the appeal entries from the judgment of the Superior Court.

**2. Same—**

An exception to the ruling of the Superior Court sustaining the findings of fact and conclusions of law of the Industrial Commission is a broadside exception, and is insufficient to bring up for review the findings of fact or the evidence upon which they are based.

**3. Same—**

Exceptions to the affirmance of the decision and award of the Industrial Commission and to the judgment and signing thereof constitute no more than an exception to the signing of the judgment and raise only the question of whether the facts found by the Industrial Commission and approved by the judge of the Superior Court are sufficient to support the judgment.

**4. Master and Servant § 40c—**

Evidence tending to show that the employee was fatally injured when he attempted to move a tractor which was in his way in the performance of his duties, that there was a rule of the employer, not submitted to or approved by the Industrial Commission as a safety rule, that only employees specifically directed to do so should operate the tractors but that the employee had theretofore moved similar tractors as had also other employees in the plant, *is held* sufficient to sustain the findings of the Industrial Commission that the employee was injured in an accident arising out of and in the course of his employment.

**5. Master and Servant § 53d—**

Where the employee is survived only by his mother and his minor brother, his mother is his sole next of kin within the meaning of G.S. 97-40.

**6. Same—**

Where the employee's mother and minor brother are partial dependents, the mother being the sole next of kin as defined in G.S. 97-40, the mother and minor brother may not elect to take as next of kin rather than as partial dependents, since both are not next of kin, and it is necessary under the provisions of G.S. 97-38 that all the partial dependents be next of kin in order to be entitled to make the election.

APPEAL by defendants from *Bone, J.,* at August Civil Term, 1951, of NEW HANOVER.

Proceeding under the North Carolina Workmen's Compensation Act for compensation on account of the death of James Parsons on 31 August, 1949, as a result of an injury by accident, arising out of his employment by defendant Swift & Company.

The parties stipulated before the hearing commissioner on 9 March, 1950, that the deceased employee, James Parsons, and the employer, Swift & Company, were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act; that the deceased was regularly employed on 31 August, 1949, at an average weekly wage of $30.80; that he was injured by accident as a result of which he died; and that the employer's insurance carrier is the Security Mutual Casualty Company.

Counsel for plaintiff Annie Bell Parsons stated in open hearing that she elected to take any compensation that may be due as next of kin.

Thereafter the parties stipulated that Bradford Tillery is the duly appointed legal guardian of Leroy Parsons, minor. And the record shows that this minor, through his said guardian, was made a party to this proceeding.

In addition to stipulations, the hearing commissioner found the following facts:

"1. That on and prior to 31 August, 1949, the deceased employee, James Parsons, was employed in the fertilizer plant operated by the defendant employer at Wilmington, N. C.

PARSONS *v.* SWIFT & CO.

"2. That James was employed as a laborer by Swift; that he was required to perform such jobs and duties as might be assigned to him by his superiors, together with such details incident to the performance of his assigned duties as were necessary to the expeditious performance thereof.

"3. That on 31 August 1949, James was assigned to the job of hauling filler used in the preparation of commercial fertilizer; that this job required him to use a shovel to load filler or sand into a wheelbarrow from a pile of filler, then to wheel the loaded barrow to the weighhouse or scales to be weighed, and thence to deliver the filler to the 'hole,' an aperture through which the filler material was dumped onto a conveyor belt which carried the batch into the mixing machinery; that the pile of filler material or sand from which James was hauling was located in an aisle or open way between a wall or bulkhead on one side and the conveyor well on the other; that the pile of filler or sand extended more than half-way across the aisle or open way from the bulkhead toward the conveyor well; and that a piece of self-propelled hauling equipment, known as a tractor or dump truck, was parked near the bulkhead and parallel thereto between the filler pile and an exterior loading platform on the path followed by James in wheeling his loads of sand or filler as above described.

"4. That at that time Swift had a total of ten such tractors in use at the plant; that there were other employees assigned to the specific job of operating the tractors; that the particular tractor above referred to was comparatively new, having been in use for approximately one week; and that this tractor differed in the manner of its operation from the other tractors in use at that time and prior thereto at the Swift plant.

"5. That Henry Alston, an employee of Swift, customarily assigned to operate tractors, had been using this particular tractor earlier in the morning; that he had parked this tractor near the bulkhead and the filler pile and was using a smaller, faster tractor for hauling purposes; that Felix Singletary, a fellow employee, was tending the 'hole,' *i.e.,* assisting in dumping material into the opening above the conveyor belt and keeping it clear of obstructions; that James requested Singletary to move the parked tractor; that James said the tractor was in his way; that James then asked Henry Alston to move the tractor out of his way and that both Singletary and Alston refused to move the tractor as requested by James.

"6. That James then undertook to move the parked tractor; that in undertaking to move the tractor, he was acting in furtherance of his employer's business; that, while so moving the tractor, it accidentally rolled off the edge of the loading platform, falling to the ground on top of James, causing his immediate death; and that James Parsons was killed on 31 August 1949 as the direct and unavoidable result of an injury by accident arising out of and in the course of his employment by the defendant employer, Swift & Company.

"7. That Swift had established a rule with reference to the operation of such tractors to the effect that no one should operate the tractors except those employees specifically directed to do so; that this rule or regulation had never been submitted to and approved by the Industrial Commission as a safety rule or regulation; that the deceased James Parsons had moved similar tractors previous to this occasion and that other employees in the plant had moved the tractors previous to this occasion.

"8. That there was no person actually totally dependent for their support upon the earnings of the deceased employee at the time of his death.

"9. That James Parsons was never married and that he left him surviving no wife nor child nor issue of such.

"10. That Mrs. Annie Bell Parsons, mother of James, and Leroy Parsons, minor brother of James, were both partly dependent for their support upon the earnings of the deceased employee at the time of his death.

"11. That no other person than those above named was dependent in whole or in part for their support upon the earnings of the deceased employee at the time of his death.

"12. That Mrs. Annie Bell Parsons and Bradford Tillery, guardian for Leroy Parsons, have elected to take the compensation payable for the death of the deceased employee as next of kin rather than as partial dependents."

Upon these findings of fact the hearing commissioner, after briefing and discussing the law, concludes as matters of law (1) that the accident causing the death of James Parsons arose out of his employment by the defendant employer as well as in the course of such employment; (2) that compensation is payable according to the terms of G.S. 97-38 and G.S. 97-40; (3) that the mother and infant brother, being partially dependent and also being next of kin, are entitled to receive compensation as next of kin rather than as partial dependents if they so elect, and, having so elected, the claimant, Annie Bell Parsons, and the claimant, Bradford Tillery, guardian for Leroy Parsons, infant, are entitled to receive the compensation payable for the death of the deceased employee as next of kin as provided by G.S. 97-40.

And pursuant to the foregoing findings of fact and conclusions of law, and in accordance therewith, the hearing commissioner entered an award, of which notice was duly given to the parties.

Defendants appealed to the Full Commission, and, on such appeal, the Full Commission adopted as its own the findings of fact and conclusions of law of the hearing commissioner, and ordered that the result reached by him be, and the same was thereby affirmed,—and directed that an award issue accordingly, which was done, and notice thereof given.

Defendants appeal therefrom to the Superior Court, and filed as grounds therefor fifteen specific exceptions to certain findings of fact and to certain conclusions of law made by the commission as shown in the record on this appeal. The record was thereupon certified to Superior Court.

And upon hearing such appeal, the Judge of Superior Court, after reciting that the appeal "being heard upon the record herein and full argument by counsel for appellants and appellees, it appearing to the satisfaction of this court that the findings of fact and conclusions of law of the Full Commission are correct and that the decision and award of the Full Commission should be affirmed," adjudged "that the decision and award of the Full Industrial Commission herein be, and are hereby affirmed."

Appeal entries are: "The defendants in open court except to the rulings of the court sustaining the findings of fact and conclusions of law of the Full Commission, and except to the affirming of the decision and award of the Full Commission, and except to the judgment and the signing thereof, further notice waived. Appeal bond fixed at $100. Defendants allowed until October 10, 1951, to serve statement of case on appeal, and plaintiff allowed until October 20, 1951, to serve exceptions or counterstatement."

And while the record fails to show that the Judge specifically ruled on exceptions filed by defendants to decision and award of the Full Commission, or that defendants took specific exceptions to the failure of the Judge to so rule, the record shows following the appeal entries, and under heading "Exceptions" list of the same exceptions to the decision and award of the Full Commission as filed on the appeal to Superior Court, with these added:

"16. That his Honor Walter J. Bone erred in sustaining the findings of fact and conclusions of law of the Full Commission, and in affirming the decision and award of the Full Commission, as contained in the judgment entered in said cause at the August 1951 Term of Civil Court for New Hanover County. Exception No. 16.

"17. That his Honor Walter J. Bone erred in failing to find as a matter of law that the claimants were not entitled to recover anything of the defendants. Exception No. 17.

"18. That his Honor Walter J. Bone erred in signing the judgment set out in the record. Exception No. 18."

The assignments of error, shown in the record, are identical with the list of exceptions as above shown.

Defendants appeal to Supreme Court, and so assign error.

PARSONS *v.* SWIFT & CO.

*Addison Hewlett, Jr., and Solomon B. Sternberger for plaintiff, appellee.*

*James & James for defendants, appellants.*

WINBORNE, J. While the record on this appeal shows that defendants based their appeal from the Industrial Commission to the Superior Court upon fifteen specific exceptions to the findings of fact and conclusions of law on which the decision and award of the Industrial Commission were made to rest, the record fails to show that the Judge of Superior Court ruled on any of the specific exceptions so filed by defendants, and there is in the record no exception to the failure of the Judge to make such specific rulings. Hence the exceptions so filed by defendants are not presented on this appeal. And the exception "to the rulings of the court sustaining the findings of fact and conclusions of law of the Full Commission," as shown in the appeal entries, is "insufficient to bring up for review the findings of fact or the evidence upon which they are based." It is a broadside which fails to point out the particular ruling to which the exception is taken. See *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609, and cases there cited. See also *Fox v. Mills,* 225 N.C. 580, 35 S.E. 2d 869; *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476; *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

Moreover, the exceptions "to the affirming of the decision and award of the Full Commission" and "to the judgment and the signing thereof," as appear in the appeal entries, constitute no more than an exception to the signing of the judgment. And such exception raises only the question as to whether or not the facts as found by the Industrial Commission, and approved by the Judge of Superior Court, are sufficient to support the judgment. That is, such exception challenges only the conclusions of law upon the facts so found. See *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51, 174 A.L.R. 643. *Simmons v. Lee, supra,* and cases cited, and numerous others.

In the light of these decisions we hold that the facts found by the Industrial Commission are sufficient to support an award of compensation for the death of James Parsons under the provisions of the North Carolina Workmen's Compensation Act.

But a question of law arises upon the face of the record as to whether or not the partially dependent widowed mother of the deceased employee and his partially dependent brother may elect to take as next of kin rather than as partial dependents.

This is the second question raised by defendants. The answer is "No."

G.S. 97-38 in pertinent part provides: ". . . If the employee leaves dependents only partially dependent upon his earnings for support at the

time of the injury, the weekly compensation to be paid, as aforesaid, shall equal the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury: Provided, when the partial dependents are all next of kin as defined in G.S. 97-40, and all so elect, they may receive benefits under Sec. 97-40 instead of under this section . . ."

It is seen that the election provided for in the proviso in the above statute G.S. 97-38 is available when the partial dependents are all next of kin as defined in G.S. 97-40.

And G.S. 97-40 provides in pertinent part: "If the deceased employee leaves no dependents the employer shall pay to the next of kin as herein defined the commuted amount provided for in Sec. 97-38 for whole dependents; but if the deceased left no next of kin as herein defined, then said commuted amount shall be paid to the Industrial Commission to be held and disbursed by it in the manner hereinafter provided; one-half of said commuted amount shall be retained by the Industrial Commission and the other one-half paid to the personal representative of the deceased to be by him distributed to the next of kin as defined in the Statutes of Distribution; but if there be no next of kin as defined in the Statutes of Distribution, then the personal representative shall pay the same to the Industrial Commission after payment of costs of administration. For purpose of this section the term 'next of kin' shall include only father, mother, widow, child, brother, or sister of the deceased."

Appellant contends, and we think rightly so, that under the facts found the mother of James Parsons is his next of kin within the meaning of the Workmen's Compensation Act. G.S. 97-40. This statute, as an act of the General Assembly of North Carolina, P.L. 1931, Chap. 274, Sec. 5, was applied by this Court in *Hamby v. Cobb,* 214 N.C. 813, 1 S.E. 2d 101.

In the *Hamby case, supra,* as the record on appeal shows, the Industrial Commission found that the employee, whose death resulted from injury by accident arising out of and in the course of his employment, died leaving his mother, his father being dead, but neither widow nor children; that his mother was not dependent on him for support; and that his mother was his next of kin. In accordance therewith an award was made to her and affirmed, on appeal thereto, by the Superior Court. And the case came to this Court on appeal.

And this Court, in a *Per Curiam* opinion, held that the court below correctly ruled. Then the Court quoted from Sec. 40: "If the deceased employee leaves no dependents the employer shall pay to the next of kin as herein defined the commuted amount provided for in Sec. 38 of this Act for whole dependents, etc. . . . For the purpose of this Section the term 'next of kin' shall include only the father, mother, widow, child,

brother or sister of the deceased." The Court then said: "The father being dead, the mother was the next of kin. We think the evidence clearly indicates that the deceased left no dependent or dependents and plaintiff, his mother, was the next of kin under the statute and entitled to the award."

True no reference is made to other kin enumerated in the statute. But the decision is significant that the father being dead, the mother is the next of kin. This is accordant with the statute of distribution, G.S. 28-149 (5) as interpreted by this Court. See *Wells v. Wells,* 158 N.C. 330, 74 S.E. 114. *In re Estate of Pruden,* 199 N.C. 256, 154 S.E. 7.

Moreover, it seems manifest that the General Assembly in defining "next of kin" for purpose of G.S. 97-40 intended to limit recovery to persons within that group, to the exclusion of other more remote next of kin under the statute of distribution. Article 17 of Chap. 28 of General Statutes. Indeed, the "next of kin" are named in the alternative,— clearly indicating that it was intended that those named should not necessarily be of equal degree.

For error in the respect above indicated the case will be remanded for further proceeding in accordance with the decision here made.

Error and remanded.