The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar, as well as the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as: STIPULATIONS
1. On May 22, 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the defendant-employer was non-insured for purposes of workers' compensation.
3. At such time, an employment relationship existed between plaintiff and defendant-employer.
4. All parties have been correctly designated. There is no question as to misjoinder or nonjoinder of parties.
* * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On May 22, 1993, plaintiff was a 32 year-old female who was employed with defendant-employer. The plaintiff's average weekly wage was $154.42, which yields a compensation rate of $102.96.
2. Plaintiff was a high school graduate who had completed basic law enforcement training at Central Piedmont Community College. Plaintiff had worked as a security guard at K-Mart during the daytime. Defendant-employer was aware of plaintiff's security background when plaintiff was hired.
3. In February of 1993, plaintiff began working at Rocky's, a large rock and roll bar. Subsequent to beginning work at Rocky's, plaintiff was given a bar-back position. At Rocky's, a bar-back was charged with the duties of restocking the bar with beer and liquor as well as preparing fruit, glasses, and cocktail stirrers for drinks. These duties, however, did not require the full time a bar-back was on duty. Bar-backs also circulated through the crowd and had participated in altercation intervention in the past.
4. Prior to being hired as a bar-back, plaintiff had been instructed by Rocky Scarfone, the owner of defendant-employer, that she was not a bouncer and that she should not "get involved in anything."
5. On May 22, 1993, Mr. Scarfone had five bouncers on duty for a band appearance, as a large crowd was expected. Plaintiff was behind the bar when she observed a beer bottle thrown through the bar area. Plaintiff then observed a female patron approaching with another beer bottle. No supervisor was then present to forbid plaintiff from intervening in the altercation. Plaintiff grabbed the female to restrain her, and a bouncer came over to escort the patron from the premises. As the patron was being removed, another patron took a swing at plaintiff. Plaintiff fell and fractured her ankle in the tussle that ensued.
6. Plaintiff's actions, in restraining the female patron and helping to escort her from the premises, furthered the defendant-employer's business. Her election to disobey prior instructions did not break the causal connection between the employment and the injury since her disobedient act was reasonably related to the accomplishment of the task for which she was hired.
7. Plaintiff was unable to work from May 23, 1993 through October, 1993, as a result of this incident. The specific date on which plaintiff returned to work is not a part of the record.
8. From May 23, 1993 through June 5, 1993, defendant-employer regularly employed three or more employees, had no workers' compensation insurance coverage for these employees, and failed to qualify as a self-insurer.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. To be compensable under the Act, an injury must arise out of and in the course of the employment pursuant to N.C.G.S. §97-2(6). An injury to a claimant whose act was reasonably related to the job for which the employee was hired, who was not disobeying a direct and specific order by a then present supervisor, and who was acting in the furtherance of the employer's business arises out of and in the course of employment.Hoyle v. Isenhour Brick Tile Co., 306 N.C. 248, 293 S.E.2d 196
(1982); Hensley v. Carswell Action Committee, 296 N.C. 527,251 S.E.2d 399 (1979); Hartley v. Prison Dept., 258 N.C. 287,128 S.E.2d 598 (1962); Parsons v. Swift Co. 234 N.C. 580,68 S.E.2d 296 (1951). Furthermore, the fact that plaintiff was not engaged in the actual performance of the duties of her job does not preclude the accident from being within the course of employment. Brown v. Aluminum Co., 224 N.C. 766, 32 S.E.2d 320
(1944); Harless v. Flynn 1 N.C. App. 448, 162 S.E.2d 47 (1968).
2. On May 22, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6).
3. As a result of the compensable injury by accident on May 22, 1993, plaintiff was disabled and is entitled to receive temporary total disability compensation benefits at the rate of $102.96 per week for the period beginning May 23, 1993 through October, 1993, when she returned to work. Upon receipt of this Opinion and Award, plaintiff shall, as Ordered below, submit to defendant-employer the specific date in October, 1993 her employment began. N.C.G.S. § 97-29.
4. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of her compensable injury by accident of May 22, 1993, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability. N.C.G.S. § 97-25.
5. Defendant-employer failed to keep in effect a policy of workers' compensation insurance or to qualify as a self-insurer from May 23, 1993 through June 5, 1993 and is therefore subject to a fine. N.C.G.S. § 97-93; N.C.G.S. § 97-94.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $102.96 per week for the period beginning May 23, 1993 through October, 1993, when plaintiff returned to work. The specific date shall be provided by plaintiff pursuant to the Order below.
2. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under paragraph #1 of this Award is hereby approved for plaintiff's counsel, Kenneth Harris.
3. Defendant-employer shall pay all medical expenses incurred by plaintiff as a result of her compensable injury by accident of May 22, 1993, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
4. Defendant-employer shall pay the costs due this Commission.
* * * * * * * * * * * * * *
ORDER
1. Defendant-employer shall pay to the Industrial Commission a fine of $50.00 per day for the time period beginning May 23, 1993 and ending June 5, 1993 for his failure to secure worker's compensation insurance coverage at the time in question. N.C.G.S. § 97-94.
2. Defendant-employer shall, within 30 days, provide proof of workers' compensation insurance coverage or proof that he is no longer subject to the Workers' Compensation Act. Upon his failure to comply with this ORDER, this matter shall be referred to the North Carolina Attorney General's Office for further proceedings. N.C.G.S. § 97-94.
3. Upon receipt of this Opinion and Award, plaintiff shall provide defendant-employer with the specific date in October 1993 her employment began. The temporary total disability compensation due under Paragraph 1 of this Award shall terminate on the date her employment began.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ KIM L. CRAMER