CITY OF ST. PAUL v. PAUL CAMPBELL.

177 N. W. (2d) 304.

May 15, 1970—No. 41882.

*Robins, Davis & Lyons* and *Wilton E. Gervais,* for appellant.

*Daniel A. Klas,* Corporation Counsel, and *Thomas M. Mooney,* Chief Prosecuting Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

Appeal from a judgment of conviction by the court of disorderly conduct in violation of St. Paul Legislative Code, § 438.02.

The record reveals the following credible facts: On July 24, 1968, defendant-appellant, Paul J. Campbell, employed as a district supervisor for paperboys with the St. Paul Dispatch, had

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

a conversation with a Mrs. Betty Gonser in which he asked whether her daughter, Linda, age 13, could model clothes for him. Mrs. Gonser agreed, defendant stating that he would pick Linda up that afternoon and that the modeling would take place at the St. Paul Dispatch building.

That afternoon defendant arrived at the Gonser home and told Mrs. Gonser that photographs would be taken of Linda modeling teen-age clothes for school children. At no time did he inform Mrs. Gonser that Linda would be taken to his apartment or that she would be photographed in the nude.

Linda and defendant then got into defendant's automobile and drove to his apartment. After talking to Linda about modeling, defendant instructed her to disrobe, which she did, and defendant took several photographs of her in the nude. After the pictures were taken, Linda dressed and defendant drove her home. Linda did not object to the taking of the pictures; she was not forced to disrobe, but did so voluntarily. Defendant at no time touched or fondled any part of her body. There was no noise created in the apartment. There was no one present during the incident except Linda and defendant. Linda's mother did not know that her daughter had posed for the nude photographs until October 11, 1968, the date of the trial. It appears that defendant became aware that Linda had telephoned his wife the day of the incident and that he therefore immediately destroyed the film and subsequently informed the police of his actions.

A few days after the incident, he was arrested and charged with the crime of disorderly conduct in violation of St. Paul Legislative Code, § 438.02, the relevant portion of which reads:

"Riots. No person shall make, aid or countenance, or assist in making any noise, riot, disturbance or improper diversion, to the annoyance or disturbance of the citizens, or other persons in said city * * *."

The issue before this court is whether the alleged actions by defendant, an adult male, who misrepresents his intentions to a

mother concerning the photographing of her 13-year-old daughter and who subsequently photographs the daughter in the nude without the consent or permission of the mother, constituted sufficient facts to support a conviction of disorderly conduct under § 438.02.

State v. Korich, 219 Minn. 268, 17 N. W. (2d) 497, involved a Jehovah's Witness who had been asked by the caretaker of an apartment building to stop bothering his tenants by distributing religious Bible tracts and who, on continuing, was arrested and charged under a somewhat similar ordinance of the city of Minneapolis. This court reversed his conviction on the ground that defendant's conduct was merely annoying and not disorderly. Quoting from State v. Zanker, 179 Minn. 355, 229 N. W. 311, and State v. Cooper, 205 Minn. 333, 285 N. W. 903, 122 A. L. R. 727, we said that (219 Minn. 271, 17 N. W. [2d] 498)—

"* * * conduct is disorderly in the ordinary sense when it is of such nature as to affect the peace and quiet of persons who may witness the same and who may be disturbed or provoked to resentment thereby. The probable and natural consequence of the conduct is the important element."

This definition was again affirmed in State v. Reynolds, 243 Minn. 196, 200, 66 N. W. (2d) 886, 889.

In the instant case no one witnessed the act; therefore, there was no one who could be disturbed or provoked to resentment. Defendant proceeded in a quiet and orderly manner.

The very wording of the ordinance under which defendant was charged makes it plain that this prohibition is against loud, boisterous, or obnoxious words and conduct which disturb or bother people who may be exposed to the same. The prohibition in the ordinance indicates violent conduct which attracts attention as the basis for the offense. The acts complained of constituted no danger against which the citizens of St. Paul are entitled to protection under § 438.02. Nudity may offend many people, yet it

cannot be termed disorderly conduct under the circumstances here involved.

We do not condone the actions of defendant but merely hold that they are not acts prohibited or contemplated under § 438.02.

The city of St. Paul has an ordinance which appears to encompass defendant's conduct: St. Paul Legislative Code, § 470.01, prohibits any person from inviting, inducing, or attempting to invite or induce another or others by any means of communication to commit lewd and illicit sexual intercourse or indecent behavior of whatsoever type or nature. It would appear that inducing a 13-year-old girl to go to an apartment for the purpose of photographing her nude would be indecent behavior which the ordinance was designed to prohibit. Likewise, Minn. St. 260.315 makes it a misdemeanor for any person by act, word, or omission to encourage, cause, or contribute to the neglect or delinquency of a child.

Since the evidence fails to sustain defendant's conviction, it follows that the judgment must be reversed.

Reversed.